J. Robert Lynch, J.
The defendant is a truck driver employed by the Oswego County Highway Department. The complaint alleges damage arising from his negligence in the operation of a county truck, driven within the scope of his employment and in the discharge of his duties. Although the employee is the sole defendant, the plaintiff, obviously mindful of the liability cast on the county by section 50-b of the General Municipal Law, has served on the county a notice of claim under section 50-e of the General Municipal Law.
Motion is now made to dismiss the complaint for insufficiency because the defendant himself was not served with a notice of claim.
Notice to the employee is not required (Sandak v. Tuxedo Union School Dist., 308 N. Y. 226).
Upon the argument of the motion, it was discovered that the complaint alleges service of the notice on the county through service only on the County Attorney. Plaintiff’s attorney claims service was also made on the County Clerk and that allegation of it was omitted from the complaint through inadvertence. Defendant’s attorney does not raise the omission as an issue, agreeing to an amendment of the complaint to show this service, if it be determined that it was in fact made.
Accordingly defendant’s motion to dismiss the complaint is denied upon the condition that plaintiff’s attorney, when submitting the order of denial, exhibit to the court an affidavit showing timely service of the notice of claim on the Oswego County Clerk.