Thomas P. Farley, J.
Motion for permission to serve a late notice of claim and to dismiss defendant’s affirmative defense is granted in all respects, and service of a notice of claim shall be made within 10 days from the date of entry of the order hereon.
The plaintiff, Angelina Belcastro, was injured on April 24, 1967 while boarding the Long Island Bail Boad at the Valley Stream station. Within a week, she allegedly forwarded a claim letter to the defendant at Jamaica Station setting forth details of the accident. Her attorney mailed another claim letter on May 24, 1967, and commenced this action on September 11, 1967. After the action was commenced, the attorney discovered that the Long Island Bail Boad is a subsidiary of the Metropolitan Commuter Transportation Authority upon whom the defendant contends a notice of claim must be filed (Public Authorities Law, § 1276).
Preliminarily, it must be observed that the letter allegedly sent by plaintiff does not comply with the requirements of section 50-e of the General Municipal Law, as it was neither sworn to nor served in the manner prescribed by the statute (see Matter of Halloran v. Board of Educ., 271 App. Div. 830). There is also no proof offered that the letter forwarded by the movant was actually received by an authorized person or that defendant acted pursuant to such notice by conducting an examination of plaintiff. The letter may not thereupon be treated as a substitute for a formal notice of claim (see Munroe v. Booth, 305 N. Y. 426; cf. Teresta v. City of New York, 304 N. Y. 440).
On the other hand, the statute relied on by the defendant puts a harsh and extraordinary burden on an injured person and its requirements which are in derogation of the common law must be strictly construed. The Court of Appeals, when considering similar statutory enactments, stated: ‘1 We should not be at pains to write anything into it.” (Doremus v. Incorporated Vil. of Lynbrook, 18 N Y 2d 362, 365.)
The necessity of filing a notice of claim with respect to accidents involving the Long Island Bail Boad is vague and certainly not apparent on the face of this statute (Public Authorities Law, § 1276, subd. 6), which reads as follows: “ Each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary *839 corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on or after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority.’
The language employed, aside from being awkwardly phrased, is both indefinite and obscure. Unless a person had knowledge that the Long Island Bail Boad was a stock subsidiary corporation and acquired by the Metropolitan Commuter Transportation Authority and that this acquisition took place on January 20, 1986, he or she could not determine that a notice of claim was required to he served on the railroad on or after January 1, 1967. Furthermore, these extraneous circumstances are not commonly known by the public despite the defendant’s claim that the acquisition of the Long Island Bail Boad by Metropolitan was given wide publicity. It must also be noted that other subsidiary corporations will be acquired in the future and the public should not be compelled to speculate on the application of the statute to one or more of them. In the opinion of the court, the statutory provision is too vague to be enforcible and the defendant should he estopped from asserting reliance thereon (cf. Quintero v. Long Is. R. R., 55 Misc 2d 813).