■ GRACE CONROY, Respondent, v. LONG ISLAND RAIL ROAD, Appellant.—Order of the Supreme Court, Queens County, dated March 13, 1968, reversed, on the law, without costs, and plaintiff's motion denied. In this action to recover damages for personal injuries, defendant asserted the defense, by way of its answer, of a failure to serve a 90-day notice of claim pursuant to section 1276 of the Public Authorities Law and section 50-e of the General Municipal Law. Plaintiff then moved for leave to serve a notice of claim and to amend her complaint so as to include therein an allegation that 30 days had expired since such notice was served. Special Term granted the motion by the order under review. We are of the opinion that the decision was erroneous. Defendant was acquired by the Metropolitan Commuter Transportation Authority (MCTA) on January 20, 1966. The MCTA was created in 1965 for the purpose of preserving, strengthening and improving commuter services in the metropolitan area (Public Authorities Law, title 11). The provisions of title 11 authorized the MCTA to acquire subsidiary corporations to further its purposes and vested it with certain rights and privileges, among which were the requirement of a 90-day notice of claim as a prerequisite to suit against it. After its acquisition of defendant, section 1276 of the Public Authorities Law was amended by adding subdivision 6 thereto, which serves to include the requirement of such 90-day notice of claim against its subsidiary corporations. That subdivision became effective as to defendant on January 1, 1967. While the addition of subdivision 6 does not specifically mention this defendant, a review of title 11 and the legislative findings and declarations with regard to the creation of the MCTA reveals references to it by name. Plaintiff was injured on February 28, 1967, and she concededly failed to serve a 90-day notice of claim. The ground upon which Special Term granted the motion was the newness of the amendment. Despite the unfortunate result that plaintiff will be denied her day in court on the merits as the result of our decision,

we believe that the mandate of subdivision 6 of section 1276 of the Public Authorities Law and section 50-e of the General Municipal Law must be followed. Accordingly, by her failure to serve a 90-day notice of claim, plaintiff has failed to satisfy the condition precedent to suit against defendant. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.