**Carl F. GRUENTHAL, Plaintiff,**

v.

**The LONG ISLAND RAILROAD COM-
PANY, Defendant.**

No. 63 Civ. 3491.

United States District Court
S. D. New York.

May 23, 1969.

Meyer, Lasch, Hankin & Poul, Phila-
delphia, Pa., for plaintiff; Milford J.
Meyer, Philadelphia, Pa., of counsel.

George M. Onken, Jamaica, N. Y., for
defendant; James T. Gallagher, Jamaica,
N. Y., of counsel.

OPINION

COOPER, District Judge.

This FELA action was tried to this
Court and a jury late February and early
March of 1967. On March 2nd, the jury
returned a verdict in favor of plaintiff
against the defendant for $305,000.[1]
Judgment for that amount was entered
on April 13, 1967. The parties now ap-
ply to this Court to set the rate of inter-
est to be assessed on that judgment.

Section 1961, 28 U.S.C., provides that
interest "on any money judgment in a
civil case recovered in a district court"
shall be calculated "at the rate allowed
by State law" from the date of the entry
of the judgment. Section 5004 of the
New York Civil Practice Law and Rules
provides that "[i]nterest shall be at the
legal rate, except where otherwise pre-
scribed by statute." Plaintiff contends
that he is entitled to recover the legal
rate of interest which is 6% per annum.
New York General Obligations Law, Mc-
Kinney's Consol.Laws, c. 24–A, § 5–501.
Defendant, citing section 1276, subdivi-
sion 5 of the New York Public Authori-
ties Law, McKinney's Consol.Laws, c. 43–
A, maintains that as a subsidiary of the
Metropolitan Transportation Authority
(hereinafter Authority) it is entitled to a
4% interest rate on any judgment for
which it is liable.

Defendant's claim to the lower interest
rate is predicated upon its construction
of subdivision 5 of section 1266 of the
Public Authorities Law[2] which provides,
in part, that a subsidiary corporation of
the Authority "shall have all of the
privileges, immunities, tax exemptions
and other exemptions of the authority

1. Defendant's motion to set aside the ver-
dict (based on a number of grounds, in-
cluding gross excessivness of the verdict)
was denied by this Court on April 10,
1967. 292 F.Supp. 813 (S.D.N.Y.1967).
On appeal the case was remanded for
a new trial unless plaintiff agreed to re-
mit such part of the recovery as exceeds
$200,000. 388 F.2d 480 (2d Cir. 1968).

The judgment of the Court of Appeals
was subsequently reversed by the Su-
preme Court. 393 U.S. 156, 89 S.Ct.
331, 21 L.Ed.2d 309 (1968).

2. Subdivision 5 of section 1266 was added
in 1965 (L.1965, c. 324) and was later
amended in 1966 (L.1966, c. 415).

* * *." and "shall be subject to suit in accordance with section twelve hundred seventy-six of this title." Subdivision 5 of section 1276 of the Public Authorities Law provides that "[t]he rate of interest to be paid by the authority upon any judgment for which it is liable shall not exceed four per centum per annum." Defendant, relying on its status as a subsidiary stock corporation of the Authority, insists that the preceding language of subdivision 5, section 1266, mandates that the 4% rate of interest apply to all judgments acquired against it. For the reasons which follow, we disagree.

Defendant was acquired by the Authority on January 20, 1966. After its acquisition, section 1276 was amended by adding subdivision 6 [3] thereto:

> Each subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein, provided, however, that a subsidiary corporation of the authority which is a stock corporation shall not be subject to the provisions of this section except with respect to those causes of action arising on and after the first day of the twelfth calendar month following that calendar month in which such stock corporation becomes a subsidiary corporation of the authority.[4]

By its terms, this subdivision appears to make all the provisions of section 1276 applicable to the defendant, but only with respect to those causes of action arising on and after January 1, 1967.

The fact that the State legislature saw the need to add subdivision 6 to section 1276 appears to undercut defendant's argument that subdivision 5 of section 1266 makes subdivision 5 of section 1276 applicable to judgments obtained against it. While we have found no case dealing with the application of subdivision 5 of section 1276 to this defendant, a look at how the state courts have applied subdivision 2 of section 1276 (notice of claim requirement) to it is enlightening. Subdivision 2's requirement of a notice of claim as a prerequisite to suit against the Authority has been held applicable to suits brought against this defendant. The authority underlying such application is subdivision 6 of section 1276,[5] not subdivision 5 of section 1266; this is so despite the express language of the latter subdivision which states: "Each such subsidiary corporation shall be subject to suit in accordance with section twelve hundred seventy-six of this title." In this regard, it is significant to note the exception carved out by subdivision 6, section 1276, for causes of action arising before January 1, 1967.

If the 4% rate of interest provided for in subdivision 5 of section 1276 is applicable to judgments obtained against the Long Island Railroad, we are satisfied that it is by virtue of subdivision 6 of section 1276 and not by virtue of subdivision 5 of section 1266.

The all-inclusive language of subdivision 6 requires that we reject defendant's assertion that that subdivision does not encompass the interest provision of section 1276.

As can readily be seen from the foregoing, the language employed by the State legislature leaves much to be desired.[6] What rate of interest the legislature intended should apply on judgments for which this defendant is liable

---

3. L.1966, c. 415, § 9.

4. While this subdivision was added on May 23, 1966, it is "retroactive to, and shall be deemed to have been in full force and effect on and after" January 20, 1966. L.1966, c. 415, § 12. See note under section 1266, Public Authorities Law.

5. See Conroy v. Long Island Railroad, 31 A.D.2d 834, 298 N.Y.S.2d 105 (App.Div.

1969); Belcastro v. Long Island Railroad, 55 Misc.2d 837, 286 N.Y.S.2d 945 (Sup.Ct.1968); Quintero v. Long Island Railroad, 55 Misc.2d 813, 286 N.Y.S.2d 748 (Sup.Ct.1968), aff'd, 31 A.D.2d 844, 298 N.Y.S.2d 109 (App.Div.1969).

6. See Belcastro v. Long Island Railroad, supra, 286 N.Y.S.2d at 947.

is not free from doubt. The language of subdivision 6 of section 1276 does appear to indicate that 4% is the applicable rate to be applied;[7] yet, by the very terms of that subdivision, such rate of interest is not applicable to judgments obtained on causes of action arising prior to January 1, 1967. Since plaintiff's accident occurred on September 19, 1962, the 4% rate is not here available to defendant.

Accordingly, interest shall be assessed on the judgment at the rate of 6% per annum.

Settle order on notice.

---

**7.** Our disposition obviates the need for reaching plaintiff's contention that such application would violate both the State and Federal Constitutions.