■   Marco Martinez et al., Respondents, v. New York City Transit Authority, Appellant.— Order entered March 25, 1969, granting leave to file notices of claim *nunc pro tunc* unanimously reversed on the law and the facts and leave denied, with $30 costs and disbursements to the appellant. On September 20, 1968, claimants suffered personal injuries as the result of an alleged assault by a bus driver. Notices of claim were filed on December 20, 1968, concededly one day too late (Public Authorities Law, § 1212; General Municipal Law, § 50-e). No general discretion is vested in the court to extend the time for serving a notice of claim, and discretion may only be exercised where the statutory conditions are shown to exist (*Matter of White* v. *City of New York*, 285 App. Div. 69; *Matter of Matrisciano* v. *City of New York*, 281 App. Div. 1046). So the fact that a service was only one day beyond the 90-day period is of no moment (*Matter of Core* v. *New York City Tr. Auth.*, 26 A D 2d 781; *Matter of O'Neil* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 23 A D 2d 488; *Matter of Bloom* v. *New York City Tr. Auth.*, 19 A D 2d 521). There was no showing that plaintiffs were physically or mentally incapacitated from serving the required notices. In fact, the contrary was shown. Plaintiffs consulted an attorney well within the period and notices were drawn by him. .For no revealed reason plaintiffs were dilatory in executing these claims but still did so some three days prior to the expiration date. They were not, however, served or filed, due to the attorney's being otherwise occupied. This constitutes no ground for extension (cf. *Thompson* v. *City of New York*, 24 A D 2d 427). Concur — Capozzoli, J. P., McGivern, Markewich, McNally and Steuer, JJ.