John W. Sweeny, J.
This is an action for malpractice against the Orange County Chest Clinic, its supervising bodies: The Department of Health and Board of Supervisors of Orange County, and Dr. Krasnitz who is the Director of the Chest Clinic. The municipal defendants were served with a notice of claim but the defendant doctor was served with only a summons and complaint. The doctor now moves to dismiss the action against him on the ground that it is precluded by plaintiffs’ failure to serve a notice of claim upon him pursuant to sections 50-d and 50-e of the General Municipal Law and subdivision 2 of section 52 of the County Law.
It is clear that sections 50-d and 50-e of the General Municipal Law do not require a notice of claim to be served on the doctor. Section 50-d only requires that a notice be served in compliance with section 50-e, and under the holding of the Court of Appeals in Sandak v. Tuxedo Union School Dist. No. 3 (308 N. Y. 226) service of a notice of claim upon the municipal corporation alone is sufficient compliance with section 50-e.
Service of a notice of claim on an employee of the county is required, however, by subdivision 2 of section 52 of the County Law which provides as follows: “ No action shall be maintained *82 against an officer, agent, servant or employee of a county unless the notice of claim for damages was filed in the manner and within the time prescribed in subdivision one and also served personally or by registered mail upon .such officer, agent, servant or employee within the same period of time.”
This section appears to be an anachronism which is in direct conflict with the legislative intent found in the provisions of section 50-e by the Court of Appeals in the Sandak case. Possibly because of this fact, in De Angelo v. Lattimer (26 Misc 2d 20) an action against a county employee, the court apparently chose to ignore this provision of the County Law and held that service of a notice of claim on the municipality was sufficient, citing the Sandak case.
Plaintiffs contend that subdivision 4 of section 50-e of the General Municipal Law, which provides that no other notice or service of the notice of claim shall be required, is controlling over subdivision 2 of section 52 of the County Law. It must be noted, however, that in the Sandak case, the Court of Appeals looked to both section 50-e of the General Municipal Law and section 3813 of the Education Law, which is the corresponding statute for employees of the school district.
"Whether or not subdivision 4 of section 50-e of the General Municipal Law has in effect nullified subdivision 2 of section 52 of the County Law in all cases, it appears to the court that section 50-d of the General Municipal Law is controlling in the present case. It is clear that this action is brought under section 50-d which provides for liability upon the county in an action for damages resulting from malpractice by a doctor in treatment of a person without receiving compensation from such person in a public institution maintained by the municipal corporation. The only requirement for maintaining an action under this section against the municipality and the physician is that a notice of claim shall have been served in compliance with section 50-e. Since this section was passed by the Legislature sometime after subdivision 2 of section 52 of the County Law, it must be inferred that the Legislature intended section 50-d to control in this present matter.
The plaintiffs having complied with section 50-d, the motion to dismiss is denied.