■ EVERETT PUGH et al., Respondents, v. BOARD OF EDUCATION CENTRAL DISTRICT NO. 1 — FAYETTEVILLE-MANLIUS SCHOOL DISTRICT et al., Appellants.— Appeal from an order of the Supreme Court at Special Term entered July 6, 1971 in Madison County, which denied appellants' motion for summary judgment and for dismissal of the complaint and granted respondents' motion to strike the separate and complete defense of appellant Board of Education's answer. On March 10, 1970 one of the school district's buses, driven by Frederick Gregg, Jr., allegedly caused a collision with a car owned and operated by respondent Lucy Pugh, who allegedly received serious and permanent personal injuries. The notice of claim was served on June 9, 1970,

concededly 91 days from the date of the accident. The answer of the Board of Education included an affirmative defense alleging the failure of respondents to serve or file a timely notice of claim; the answer of Frederick Gregg, Jr. merely denied respondents' allegation that a timely notice of claim was served and ·filed. In response to Mrs. Pugh's filed report to her insurance company, giving details of the accident, her husband, Everett Pugh, received a letter dated March 25, 1970, which stated: " We have received a report of your accident. In order to protect your interests, please do not give information, except on reports required by law, to anyone other than an accredited representative of this company. Make sure that any person seeking information can identify himself as our representative. You should notify us immediately if you are requested to appear before a Magistrate or any other public official. An inquiry, additional information, correspondence, summons or other legal papers you receive pertaining to this accident should also be forwarded to us immediately. We wish to provide you with excellent claim service and your continued cooperation will make this possible." This letter was forwarded to respondents' attorney, who notified the carrier that he represented Mrs. Pugh. Apparently, appellant Board of Education was insured by the same insurance carrier. Appellants thereafter moved for summary judgment upon the ground that respondents' notice of claim was not timely filed in accordance with section 50-e of the General Municipal Law. Respondents cross-moved to strike from the answer of the Board of Education the separate defense of late filing. A supplementary application for permission to add the late filing defense to appellant Gregg's answer was also made. Special Term denied the motion for summary judgment and granted the motion to strike the defense, reasoning that since the purpose of section 50-e of the General Municipal Law is to require prompt notice of claims to a public corporation so as to permit prompt investigation and that " within the 90 day period, the defendants' carrier knew of the accident, apprised the plaintiffs of the same, and obtained sworn statements from the plaintiffs concerning the accident", the respondents had established their right to bring an action against the appellants upon the theory of estoppel. It also added that the appellants had not been prejudiced in any way. Appellants have appealed this determination contending that neither waiver nor estoppel has been established so as to excuse the late filing and that their motion for summary judgment should have been granted. Subdivision 1 of section 50-e of the General Municipal Law requires for the institution of an action against a municipality the filing of a notice of claim within 90 days after the claim arose. There is no general discretion to extend the time for serving a notice of claim and therefore the fact that service was only one day beyond the requisite period is of no consequence (*Martinez* v. *New York City Tr. Auth.*, 33 A D 2d 669). Discretion is only permitted in those cases under the statute (*Martinez* v. *New York City Tr. Auth., supra; Matter of O'Neil* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 23 A D 2d 488) and, although other defects may be waived, receipt of notice within the 90-day period is a condition precedent to the commencement of the action (*Barchet* v. *New York City Tr. Auth.*, 20 N Y 2d 1; see *Chikara* v. *City of New York*, 10 A D 2d 862, app. dsmd. 8 N Y 2d 1014). However, in certain instances, waiver or estoppel are employed to excuse late filing. In all such cases 'there is, within the 90-day period, some action by the plaintiff which gives the defendant notice of an intended claim and, by the defendant, either some responsive action upon which plaintiff relied or a failure to act where action would have permitted the plaintiff to comply with the strict requirements of the section. (See *Teresta* v. *City of New York*,

304 N. Y. 440; *Melisi* v. *Central School Dist. No. 1,* 25 A D 2d 54.) · Here, no such notice was given appellants within the 90-day period. Further, no matter how appellants' acts are construed, it was not in reliance thereon that respondents failed to give timely notice. The letter relied upon by Special Term was a letter by respondents' insurance company to respondents in response to respondents' report of the accident. The mere fact that appellants were insured by the same insurance company is of no consequence. Nor is the determination of Special Term that appellants have not been prejudiced of any moment. Although the rule may seem harsh, it was respondents' own inaction and mistake which caused the delay and they cannot now evoke the doctrine of equitable estoppel. Nor can respondents rely upon that part of section 50-e which excuses late filing of the notice of claim by reason of "justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier". (General Municipal Law, § 50-e, subd. 5.) Such application must be made within one year of the date of the accident. Not only was such application not timely made, the failure to serve the required notice of claim was not shown to be in justifiable reliance upon the letters which could be construed to be settlement representations within the meaning of the statute (*Matter of Abare* v. *Glenville Cent. School Dist.,* 27 A D 2d 898; see, also, *Matter of Johnson* v. *Board of Educ. of City of Rochester,* 33 A D 2d 647). It should also be noted that timely service of the notice of claim in accordance with section 50-e is required upon the driver of the school bus as a condition precedent to the maintenance of the action as against him (General Municipal Law, § 50-b; *Rusch* v. *Karpick,* 20 A D 2d 954). Therefore the determination of Special Term that the doctrine of estoppel precludes both appellants from contending that the notice requirement of section 50-e bars the action was erroneous. The motion for summary judgment should have been granted. Order reversed, on the law and the facts, and appellants' motion for summary judgment dismissing the complaint granted, without costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.