DOLORES MONTEZ, Respondent, *v.* METROPOLITAN TRANSPORTATION
AUTHORITY et al., Appellants.

First Department, January 3, 1974.

*Seward & Kissel, James B. M. McNally* and *Samuel Rudykoff*
of counsel (*George M. Onken,* attorney), for appellants.

*Richard Kay* of counsel (*Harry Grossman,* attorney), for
respondent.

*Per Curiam.* Plaintiff's cause of action for false arrest and
imprisonment arose on February 3, 1972, when she was released
from confinement (*Caminito* v. *City of New York,* 25 A D 2d
848, affd. 19 N Y 2d 931; *Schildhaus* v. *City of New York,* 23
A D 2d 409, affd. 17 N Y 2d 853; *Allee* v. *City of New York,* 42
A D 2d 899). Accordingly, service of her notice of claim, which
was required within 90 days of accrual of the cause of action
(Public Authorities Law, § 1276, subd. 2; General Municipal Law,
§ 50-e, subd. 1), was due no later than May 3, 1972. It is
undisputed that the notice herein, which was sent by letter dated
May 1, 1972, and addressed solely to the Metropolitan Trans-
portation Authority, was not actually received by the Authority

until May 8, 1972, and was not forwarded to the Long Island Railroad Company until May 12, 1972, whereupon the claim was disallowed, without any action being taken with respect to it, because of the lateness of the service.

While it has been held that service of a notice of claim is deemed effective on the date of mailing (*Desroches* v. *Caron*, 11 Misc 2d 838), such rule is applicable only where service is made in the manner prescribed by statute (see *Matter of Drake* v. *Comptroller of City of N. Y.*, 278 App. Div. 317; see also *Teresta* v. *City of New York*, 304 N. Y. 440). Here the notice was sent by certified rather than registered mail, as directed by the statute (see *Oneida Nat. Bank & Trust Co. of Utica* v. *Manikas*, 10 Misc 2d 671), and, accordingly, service was not effected until actual receipt, which occurred after expiration of the 90-day period. Indeed, pursuant to subdivision 3 of section 50-e of the General Municipal Law, where service of the notice is made within the time limited but "in a manner not in compliance" with the provisions of the statute, it is not deemed valid unless it is actually received and the claimant is examined in regard to such claim. Clearly, there was no compliance with such provision. (Cf. *Melisi* v. *Central School Dist. No. 1*, 25 A D 2d 54, where the notice was sent by ordinary mail and actually received within the time limited by statute and the court found that the requirement of service by registered mail was either waived or service was validated by virtue of General Municipal Law, § 50-e, subd. 3.)

Special Term, in holding that the notice was timely, relied upon *Quintero* v. *Long Is. R. R. Co.* (55 Misc 2d 813, affd. 31 A D 2d 844). In that case, however, the Appellate Division found service sufficient because the summons and complaint were actually served within 90 days, and contained all information required in a notice of claim. Here, as indicated, service was not effected within the 90-day time period. And, while the courts in certain instances are vested with discretion to permit late filing (see *Matter of Murray* v. *City of New York*, 30 N Y 2d 113, which held that a determination of the cognizable relation between infancy and delay in serving a notice of claim is a matter resting within the sound discretion of the court), the record herein does not permit the exercise of such discretion, the statutory conditions for extension of time not being present. (*Martinez* v. *New York City Tr. Auth.*, 33 A D 2d 669, General Municipal Law, § 50-e, subd. 5.)

Moreover, the notice of claim which was served soley on the Authority was directed to the wrong party. Liability herein

is predicated on the acts of an employee of the railroad company. Since it is specifically provided by statute that such employee shall "not be deemed [an employee] of the authority" (Public Authorities Law, § 1266, subd. 5), the latter may not be held liable for the torts committed by the railroad in the absence of a factual showing that the conductor had, in some manner, become the Authority's agent — which showing we find to be completely lacking. And, we note that the service upon the Authority was, in any event, ineffective as to the railroad, which is a distinct legal entity for the purposes of suit. (Public Authorities Law, § 1266, subd. 5; *Salner* v. *City of New York,* 12 A D 2d 771.)

The order of the Supreme Court, New York County, entered May 21, 1973, should be reversed on the law, the plaintiff's motion to dismiss the affirmative defenses denied, and the defendants' cross motion for summary judgment dismissing the complaint granted, without costs or disbursements.

NUNEZ, J. P. (dissenting). Plaintiff, a school teacher, boarded defendants' train at Lindenhurst, Long Island. Her destination was nearby Bayshore, two stops away. When the conductor requested she pay the fare, plaintiff discovered that she had only $1.05 in her pocketbook; the fare was $1.45. Plaintiff offered to remit the 40 cent balance and also tendered a New York City token valued at 35 cents. If the token had been accepted, she would have been 5 cents short of the fare. Her offers were refused. Her protestations of any willful intent to cheat the railroad fell on deaf ears. When the train reached the Babylon station defendants' conductor locked the doors preventing plaintiff from leaving. The police, acting on the conductor's complaint, arrested plaintiff charging her with theft of services. Unable to make bail, plaintiff was kept in jail until the following morning when, handcuffed, she was transported to court for arraignment, together with the other desperate criminals rounded up the previous evening. After having acted in such a high-handed and inhumane manner toward one of its passengers, defendants did not even bother to appear in court, whereupon the case was promptly and properly dismissed. No other action was taken by the railroad in pursuit of its 40 cents. This suit followed.

Special Term was more than justified in holding the notice of claim to have been properly and timely served and the exercise of its discretion should not be disturbed. Recently in *Matter of Murray* v. *City of New York* (30 N Y 2d 113, 119) Judge SCILEPPI, writing for a unanimous court said: "Where satisfied

that the court has acted within the perimeters of reason, we have consistently affirmed the exercise of discretion whether it has been invoked to sustain or deny grants of permission for late filing (citing cases)."

The law is firmly established that an appellate court should not interfere with "the sound discretion of the Court" in a determination on a question of permitting a late notice of claim. The Court of Appeals so held in *Matter of Murray* v. *City of New York* (*supra*). (See, also, *Matter of Pandoliano* v. *New York City Tr. Auth.*, 17 A D 2d 951; *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680.)

The rank injustice that will result if plaintiff is turned away without her day in court is clearly manifest. The majority, instead of applying the law as it is and allowing the litigation to be determined on the merits, is turning plaintiff out of court by strained application of legal principles not here relevant nor applicable. My brethren are resorting to the law's primitive stage of formalism when the precise word was the sovereign talisman and every slip was fatal. The defendants had notice of plaintiff's claim. Indeed, it was the defendants' employee's conduct that gave rise to the cause of action.

Defendant Long Island Railroad is a private stock corporation. It serves no governmental function and is totally lacking in social goals. If it is to be the beneficiary of a short 90-day notice limitation period, the courts should be vested with the discretionary power to relieve claimants from nonprejudicial irregularity, mistake, etc. Without this safeguard, in my opinion, the 90-day limitation is unconstitutional. But the constitutional issue aside, Special Term, in a clear and well-reasoned opinion, upheld the timeliness of the notice. In so doing, Special Term correctly applied and followed well established principles of law. To disturb the order appealed from is to do a manifest and most grievous injustice. I would affirm.

MURPHY, LANE, TILZER and CAPOZZOLI, JJ., concur in *Per Curiam* opinion; NUNEZ, J. P., dissents in an opinion.

Order, Supreme Court, New York County, entered on May 21, 1973, reversed, on the law, plaintiff's motion to dismiss the affirmative defenses denied, and the defendants' cross motion for summary judgment dismissing the complaint granted, and the complaint dismissed, without costs and without disbursements.