**Dorothy POPE, Plaintiff,**

v.

**MEMORIAL HOSPITAL OF GREENE COUNTY and John P. Myers, Defendants.**

**No. 74 Civ. 3279–LFM.**

United States District Court, S. D. New York.

Oct. 16, 1974.

MacMAHON, District Judge.

Defendant, Memorial Hospital of Greene County, moves under Rule 12(b), Fed.R.Civ.P., to dismiss the complaint on the ground that no notice of claim was served upon it. Since we have considered matter outside the complaint, we will treat this motion as one for summary judgment, as provided by Rule 56, Fed.R.Civ.P.

██ Although the matter is not free from confusion,[1] it appears from the affidavits and exhibits submitted on the motion that, beyond any genuine issue of fact, defendant hospital is a department of the County of Greene, State of New York, and, therefore, a governmental unit entitled to all of the immunity and protection afforded the county itself.[2]

Maynard, O'Connor & Smith, Saugerties, N.Y., for defendant Memorial Hospital of Greene County; Michael E. Catalinotto, Saugerties, N.Y., of counsel.

Sylvia Miller, New York City, for plaintiff; Chester A. Hahn, New York City, of counsel.

██ Applying New York law, as we must in this diversity case to recover damages for negligence and malpractice, it is clear that a notice of claim is a condition precedent to suit against Greene County.[3] Concededly, plaintiff never served a notice of claim upon defendant hospital.

1. Plaintiff's contention that defendant hospital is a New York membership corporation is based on confusion of the present day Memorial Hospital of Greene County with an earlier New York membership corporation called "Memorial Hospital of Greene County, Inc."

Exhibit "A" to the moving affidavit consists of a number of resolutions of the board of supervisors of Greene County, one of which is jointly executed with a New York membership corporation called "Memorial Hospital of Greene County, Inc." The resolutions reveal that this membership corporation, organized in 1926 for the purpose of starting a private, non-profit hospital for Greene County, abandoned its plans due to lack of sufficient funds and in 1931 entered into an agreement with the board of supervisors of Greene County to help finance a new county hospital (the present day Memorial Hospital of Greene County), which the board of supervisors had created pursuant to § 126 of the General Municipal Law of the State of New York, after authorization from the State of New York in Chapter 132 of the Laws of New York of 1931.

New York Law 1969, Chapters 1066 and 1067, repealed the Membership Corporations Law and enacted in its place the Not-for-Profit Corporation Law (McKinney's Consol.Laws ch. 35). That law provides, in § 1011, that a corporation which does not file a new certificate, as required by § 113, before September 1, 1973 is dissolved. Since plaintiff has presented no such certificate, it appears, therefore, that the old membership corporation no longer exists.

2. See unreported decision in Monahan v. Bergamini (Sup.Ct. Clinton Co., July 19, 1962), annexed to moving affidavit as Exhibit "B."

3. Section 52 of the County Law of the State of New York (McKinney's Consol.Laws ch. 11) and Sections 50-e and 50-i of the General Municipal Law of the State of New York (McKinney's Consol.Laws ch. 24). Derlicka v. Leo, 281 N.Y. 266, 22 N.E.2d 367 (1939). For the New York decisions applying the "notice of claim" statutes to the county health institutions, see Zillman v. Meadowbrook Hospital Co., 73 Misc.2d 726, 342 N.Y.2d 302 (1973); Stephens v. Department of Health of Orange County, 64 Misc. 2d 81, 314 N.Y.S.2d 118 (1970).

Accordingly, summary judgment dismissing this action as to defendant hospital is hereby granted, and, there being no just reason for delay, the Clerk of the court is directed to enter judgment dismissing this action as against defendant Memorial Hospital of Greene County.

So ordered.