**Theodore GRIECO, Jr., Plaintiff,**

v.

**MEMORIAL HOSPITAL OF GREENE COUNTY et al., Defendants.**

No. 74 Civ. 3325 (MP).

United States District Court,
S. D. New York.

Oct. 30, 1974.

Gair, Gair & Conason, New York City, by Herman Schmertz, New York City, for plaintiff.

Maynard, O'Connor & Smith, Albany, N. Y., for defendants (Memorial Hospital of Greene County and Francis Fugaro); by Michael E. Catalinotto, Saugerties, N. Y.

MEMORANDUM

POLLACK, District Judge.

Defendants Fugaro and Memorial Hospital of Greene County separately move to dismiss the complaint against them pursuant to Fed.R.Civ.P. 12(b) and 56 for failure to state a claim entitling plaintiff to relief. The ground asserted is that no notice of claim preceded the suit although required by law as a condition for suit against county departments and their employees. (N.Y. County Law § 52, N.Y. General Municipal Law § 50–e).

■ The precise question was raised against this hospital in Pope v. Memorial Hospital of Greene County, 387 F.Supp. 331 (1974), where Judge MacMahon concluded that in such circumstances the suit must be dismissed. For the reasons well expressed therein this Court concludes similarly that this suit must be dismissed as against the hospital. There is no basis for the application of either waiver or estoppel, since a Court does not have general discretion to extend the time for filing and the statutory provisions excusing late filing are not applicable in this case. See, e. g., Pugh v. Board of Education Central District No. 1, 38 A.D.2d 619, 326 N.Y.S.2d 300 (3d Dept. 1971), aff'd 30 N.Y.2d 968, 335 N.Y.S.2d 830, 287 N.E.2d 621 (1972). Nor on the facts of this case may the summons and complaint be treated as in fact a timely notice of claim subject to amendment as to form. See, e. g., Montez v. Metropolitan Transportation Authority, 43 A.D.2d 224, 350 N.Y.S.2d 665 (1st Dept. 1974).

■ Defendant Fugaro is employed by the county hospital as a resident physician and it is alleged that he acted negligently within the course and scope of that employment. The plaintiff's failure to file a notice of claim also bars the suit against Fugaro because as an employee he too is entitled to the conditions imposed by the statute. See Stephens v. Department of Health of Orange County, 64 Misc.2d 81, 314 N.Y.S. 2d 118 (Sup.Ct. Orange Co. 1970); Dorak v. County of Nassau, 329 F.Supp. 497, 502 (E.D.N.Y.1970), aff'd 445 F.2d 1023 (2d Cir. 1971).

■ Plaintiff argues that since the county hospital, Memorial Hospital of Greene County, receives grants from a membership corporation, Memorial Hospital of Greene County, Inc., and since the majority of the county hospital's directors are selected from the ranks of the membership corporation by the County Board of Supervisors, this spells control of the county hospital by the membership corporation which plaintiff contends is sufficient to take the county hospital out of the ambit of the claims requirements applicable to county institutions, i. e., in effect it no longer is a viable county institution.

Judge MacMahon in his decision questioned the present existence of the membership corporation due to its apparent failure to qualify as such when the Not-for-Profit Corporation Law was enacted. Plaintiff here presents facts to indicate that such a presumed failure did not *ipso facto* destroy the status of the membership corporation as an existing entity. But this, if true, does not change the result reached here. Whether plaintiff correctly shows that the membership corporation continues to exist is irrelevant here. The interlocking factors between the county hospital and the membership corporation are insufficient as a matter of law to affect the former's status as a department of Greene County and thus entitled to the protection of the notice of claim requirements before institution and as a condition of suits for damages. See Monahan v. Bergamini, (Sup.Ct. Clinton Co., July 19, 1962) (unreported decision granting summary judgment dismissing complaint against Memorial Hospital of Greene

County for failure to comply with notice of claim requirements).

 Snapper has filed an answer to the complaint admitting that he is associated with and on the staff of the Memorial Hospital of Greene County, but denying that he has knowledge or information sufficient to form a belief as to the truth of the allegations that he was an agent or employee of the hospital or acting within the scope of his employment. As an affirmative defense, he asserts that the plaintiff was contributorily negligent in causing the alleged injuries, while he was free from fault or negligence. As a "cross-complaint" against the hospital and Fugaro, the defendant Snapper alleges on information and belief that if plaintiff was damaged by negligence, it was the negligence of the hospital and Fugaro and if Snapper is held liable herein he will be entitled to proportionate indemnity based on proportionate responsibility in negligence from the hospital and Fugaro.

The affidavit of service attached to the Answer and alleged Cross-complaint of Snapper shows that it was served only on plaintiff's attorneys, and consequently no claim is presently pending against the hospital or Fugaro. See Fed.R.Civ.P. 14(a).

There is presently no motion by Snapper addressed to the complaint pending before the Court. If indeed he was in the employ of the county hospital, the requirement of a timely filing of a notice of claim would be a condition precedent to maintaining a suit against him. (See cases cited *supra* with respect to Fugaro)

Accordingly, the complaint herein is dismissed as against the Memorial Hospital of Greene County and Francis Fugaro, with costs. The Court finds that there is no just reason for delay and judgment in their favor may be entered forthwith. Fed.R.Civ.P. 54(b).

So ordered.