■ JOSEPHINE ADKINS, Respondent, v CITY OF NEW YORK, Appellant.— Order of the Appellate Term, entered May 13, 1975, unanimously affirming an order of the Civil Court of the City of New York, New York County, entered on May 3, 1974, denying defendant's motion to dismiss the complaint for failure to timely serve a notice of claim, and said order of Civil Court, reversed, on the law, without costs and without disbursements, and the motion granted. Plaintiff was involved in an automobile collision with a vehicle owned by the City of New York. She served a notice of claim upon the city by ordinary mail on February 10, 1970, the 90th day after the accident. The city received the notice on February 16, 1970. No objection was made to the notice. Plaintiff was examined by the city on January 20,

1971 and suit was instituted on February 8, 1971. The City of New York, prior to trial, moved to dismiss the complaint for failure to file a notice of claim timely. The motion was denied by Special Term and that disposition was unanimously affirmed by the Appellate Term. We would reverse. At issue is whether or not there was compliance with section 50-e of the General Municipal Law. That statute requires that in any case founded upon tort where a notice of claim is required as a condition precedent to commencement of suit, the notice must be given within 90 days after the claim arises. Service of the notice must be by personal delivery or by registered mail. The statute contains a saving clause which provides: "If service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received * * * and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim" (General Municipal Law, § 50-e, subd e). This saving clause articulates two criteria which must be extant in order to obviate failure to timely serve by registered mail. They are that the notice of claim be actually received and that there be an examination of the claimant. The statute is worded in the conjunctive and therefore the absence of either criterion would mandate rejection and act as a bar to suit. Implicit in the phrase "actually received" (which phrase is an element of the first criterion) is the requirement that receipt occur prior to the running of the 90-day time limitation (*Montez v Metropolitan Tr. Auth.*, 43 AD2d 224, 225; *Matter of Drake v Comptroller of City of NY*, 278 App Div 317, 321). In the case at bar, the notice of claim was served by ordinary mail and received by the city more than 90 days after the claim arose. The claimant was subsequently examined. The first criterion of the saving clause (namely, timely service) not having been met, it is to no avail that the second criterion (examination of the claimant) took place. While the statute further delineates specific conditions which, if extant in a given case, would allow of late service upon application to the court and in the exercise of the court's discretion (General Municipal Law, § 50-e, subd 5), the statutory conditions for extending the time to file (infancy, mental or physical incapacity, death, or reliance upon settlement representations made in writing) are concededly not present in this case. The court is not vested with general discretion to extend the time for service of a notice of claim (*Martinez v New York City Tr. Auth.*, 33 AD2d 669). On this record, we must conclude, therefore, that the notice of claim was not timely served and the complaint should accordingly have been dismissed. Lastly, it must be noted that the case at bar is not amenable to affirmance by application of the doctrine of estoppel to notices of claim, most recently enunciated by the Court of Appeals in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), since in *Bender*, unlike the case at bar, the City of New York was timely served (though the Health and Hospitals Corporation was not). We have therefore ordered that the motion to dismiss the complaint be granted. Concur—Stevens, P. J., Birns and Lane, JJ.; Kupferman, J., dissents and would affirm on the opinion of Seymour Schwartz, J.; and Lupiano, J., dissents in the following memorandum:

While I endorse the rationale delineated in the memorandum decision of Judge Seymour Schwartz, I am of the opinion that affirmance is also warranted for the following reasons. It has been aptly observed that "The purpose underlying the enactment of section 50-e was to insure that municipalities would be given prompt notice so that investigations of claims could

be made expeditiously *(Winbush v. City of Mt. Vernon*, 306 N. Y. 327; *Sandak v. Tuxedo Union School Dist. No. 3*, 308 N. Y. 226). The saving provisions in subdivision 3 were intended as remedial legislation and should be construed liberally *(Matter of Anderlohr v. City of New York*, 201 Misc. 605; 1951 N. Y. Legis. Annual, p. 42). The section does not require that the actual receipt of the notice precede the examination nor would such an interpretation accomplish any valid purpose (see, e.g., *Lauricella v. City of New York*, 207 Misc. 203). Further, there could be no possible prejudice to this defendant and although it has been held that lack of prejudice is not the determining factor, still it should be considered in determining the reasonable meaning of the statutory scheme. This liberal construction of the statute is well warranted under the facts of this particular case. Any other holding would work a severe, unnecessary and unwarranted hardship" *(Soules v City of Rochester*, 10 AD2d 362, 364). *Montez v Metropolitan Tr. Auth.*, (43 AD2d 224) does not mandate a contrary conclusion. In that case it was specifically recognized that the claimant was not examined in regard to the claim, whereas subdivision 3 of section 50-e of the General Municipal Law provides that "if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with * * * this subdivision, such service shall be deemed valid if such notice is actually received * * * *and* such party against whom the claim is made shall cause the claimant * * * to be examined in regard to such claim" (emphasis supplied). Further predicate for the holding in *Montez* is found by that court's recognition that in addition the notice of claim was directed to the wrong party. Thus, *Montez* is not dispositive of the issue presented on this appeal.

I echo the sentiments expressed by Justice Nunez in his dissent in *Montez:* "The rank injustice that will result if plaintiff is turned away without her day in court is clearly manifest. The majority, instead of applying the law as it is and allowing the litigation to be determined on the merits, is turning plaintiff out of court by strained application of legal principles not here relevant nor applicable. My brethren are resorting to the law's primative stage of formalism when the precise word was the sovereign talisman and every slip was fatal" *(Montez v Metropolitan Tr. Auth., supra*, p 227). Indeed, only recently, the Court of Appeals announced that it was adopting the doctrine of equitable estoppel in the notice of claim area embraced by section 50-e of the General Municipal Law to insure that such statute does not become a "trap to catch the unwary or the ignorant" *(Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668). This laudable view lends inferential support to the conclusion reached by Trial Term with respect to plaintiff's compliance with section 50-e of the General Municipal Law. [82 Misc 2d 317.]