■ KENNETH P. WENTHEN et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. — In an action to recover damages for assault, false imprisonment, breach of contract of carriage, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County (Wager, J.), dated April 28, 1982, which granted defendants' motion to, *inter alia,* dismiss the action as barred by the Statute of Limitations. Order modified by deleting the provision thereof granting dismissal of the causes of action asserted by plaintiff Kenneth Wenthen against defendant Long Island Railroad. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for a hearing to determine whether that plaintiff was under a disability constituting insanity within the meaning of the tolling provisions of CPLR 208 and for a new determination of the branch of the motion which sought dismissal of that plaintiff's causes of action asserted against defendant Long Island Railroad as barred by the Statute of Limitations. On this record, Special Term improperly granted so much of the defendants' motion as sought dismissal of the causes of action asserted by plaintiff Kenneth Wenthen against defendant Long Island Railroad without first holding a hearing to determine whether, as a result of the alleged assault and false imprisonment, that plaintiff was merely suffering from a posttraumatic neurosis, rendering him incapable of dealing with the facts of this incident but not with other aspects of his general affairs, or was unable to protect his legal rights "because of an over-all inability to function in society" (*McCarthy v Volkswagen of Amer.,* 55 NY2d 543, 548). The branch of the

motion which sought to dismiss the action as against the defendant Metropolitan Transportation Authority was properly granted. Liability, in the present case, is predicated on the acts of an employee of the defendant Long Island Railroad. Although the Long Island Railroad is a subsidiary corporation of the Metropolitan Transit Authority, the railroad is a distinct legal entity for the purposes of suit (Public Authorities Law, § 1266, subd 5; *Montez v Metropolitan Transp. Auth.,* 43 AD2d 224, 226). Thus the complaint against the Metropolitan Transportation Authority was properly dismissed. The cause of action asserted by plaintiff Marie Wenthen was properly dismissed as untimely even if plaintiff Kenneth Wenthen's alleged disability is found to constitute insanity for the purposes of the tolling provision of CPLR 208. Extensions granted by tolling the Statute of Limitations are personal ones and do not apply to derivative claims (*Rivera v Berkeley Super Wash,* 44 AD2d 316, affd 37 NY2d 395). Finally, we have considered plaintiffs' argument that defendants should be equitably estopped from asserting the Statute of Limitations as a defense, and have found it to be without merit. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.