*861 OPINION OF THE COURT
Vincent R. Balletta, Jr., J.
Motion by the defendant for an order dismissing the complaint is determined as follows:
In this action, the plaintiff seeks to recover money damages for personal injuries suffered in an accident which alleged to have occurred on July 19, 1984 at the Long Island Railroad station in Mineóla, New York. Within a month of the accident, the plaintiff mailed a letter to the Long Island Railroad (LIRR), setting forth the circumstances of her accident, which letter the LIRR forwarded to its insurance carrier. However, no formal notice of claim was ever upon the LIRR within 90 days of the accident.
By an order dated October 22, 1985, Justice Cohen denied as academic the plaintiffs motion for leave to serve a late notice of claim on the LIRR, holding that "the filing of a formal notice of claim against a subsidiary corporation of the MTA has been rendered an anachronism by virtue of the 1976 amendment to § 1276 of the Public Authorities Law (see Andersen v Long Island Railroad, 88 AD2d 328 affd. 59 NY2d 657).”
For the purposes of the instant motion, it is important to remember that the sole defendant herein is the LIRR. The plaintiff has not sued the Metropolitan Transportation Authority (MTA), the LIRR’s parent corporation.
The defendant has brought this motion to dismiss the complaint on the grounds that the plaintiff never served a notice of claim on the MTA.
The only question that is before the court may be stated essentially as follows: Is the service of a notice of claim within 90 days of the accident upon the parent corporation (MTA) a jurisdictional prerequisite to an action maintained solely against the subsidiary (LIRR)?
Public Authorities Law § 1276 (6) was amended in 1976 to read in part that "[t]he provisions of this section which relate to the requirement for service of a notice of claim shall not apply to a subsidiary corporation of the authority”. Subdivision 2 of that section provides in relevant part that "[a]n action against the authority founded on tort shall not be commenced * * * unless a notice of claim shall have been served on the authority within the time limited by and in compliance with all the requirements of section fifty-e of the general municipal law.” (Emphasis added.)
*862 The Appellate Division, Second Department, has expressly stated that "the amendment [to Public Authorities Law § 1276] thus removed altogether the requirement of a formal notice of claim in actions against such subsidiary corporations.” (Andersen v Long Is. R. R., 88 AD2d 328, 334-335.) Further, as indicated above, Justice Cohen has already ruled in this case that the plaintiff was not required to file a notice of claim against the LIRE.
The 1976 amendment to the statute, and the subsequent holding in the Andersen case, clearly obviate the holding of Conroy v Long Is. R. R. (31 AD2d 834 [2d Dept 1969]), cited by the defendant. In Conroy, the court, in applying the old statute, held that a plaintiff was required to file a notice of claim in her suit against the LIRE.
The court has researched the law and has been unable to uncover a decision directly concerning itself with the question at hand. Conceding that a notice of claim need not be served upon the LIRE, must a notice of claim be served upon the MTA, even though the MTA is not a party to this action? The court thinks not.
In Montez v Metropolitan Transp. Auth. (43 AD2d 224, 225-226 [1st Dept 1974]), the court ruled that a notice of claim served upon the MTA was ineffective with respect to a plaintiff’s cause of action against the LIRE, stating: "Moreover, the notice of claim which was served solely on the Authority was directed to the wrong party. Liability herein is predicated on the acts of an employee of the railroad company. Since it is specifically provided by statute that such employee shall 'not be deemed [an employee] of the authority’ (Public Authorities Law, § 1266, subd. 5), the latter may not be held liable for the torts committed by the railroad in the absence of a factual showing that the conductor had, in some manner, become the Authority’s agent — which showing we find to be completely lacking. And, we note that the service upon the Authority was, in any event, ineffective as to the railroad, which is a distinct legal entity for the purposes of suit.” (Emphasis added.)
The Appellate Division, Second Department, cited Montez in the case of Wenthen v Metropolitan Transp. Auth. (95 AD2d 852 [1983]). In Wenthen, the court dismissed the complaint as against the MTA: "Liability, in the present case, is predicated on the acts of an employee of the defendant Long Island Railroad. Although the Long Island Railroad is a subsidiary corporation of the Metropolitan Transit Authority, the rail *863 road is a distinct legal entity for the purposes of suit (Public Authorities Law, § 1266, subd 5; Montez v Metropolitan Transp. Auth., 43 AD2d 224, 226). Thus the complaint against the Metropolitan Transportation Authority was properly dismissed.” (95 AD2d, at p 853.)
Since it has been held that the MTA is a separate legal entity from the LIRR for the purposes of suit, the logical conclusion must be that when a party sues only the LIRR, there is no need to serve a separate notice of claim upon the MTA.
Accordingly, the defendant’s motion is denied.