Keeney v New York City Hous. Auth. (2019 NY Slip Op 00532)





Keeney v New York City Hous. Auth.


2019 NY Slip Op 00532


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8198 21315/12E

[*1]Richard Keeney, et al., Plaintiffs-Appellants,
v
New York City Housing Authority, Defendant-Respondent.


Raneri, Light & O'Dell, PLLC, White Plains (Kevin D. O'Dell of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinét M. Rosado, J.), entered October 12, 2017, which granted defendant's motion to dismiss the complaint and denied plaintiffs' cross motion to deem the notice of claim timely served nunc pro tunc, unanimously affirmed, without costs.
The court properly granted defendant's motion to dismiss and denied plaintiffs' cross motion to deem the notice of claim timely served nunc pro tunc because plaintiffs failed to show that defendant received a notice of claim by facsimile within 90 days of the accident.
Plaintiff's submission of an affidavit by an associate of plaintiffs' former counsel, who asserted that he sent the notice of claim to defendant on October 20, 2011 by facsimile, was insufficient to meet plaintiffs' burden to show that defendant received the notice of claim on that date, because he failed to disclose the telephone number to which he faxed the notice of claim, submit a copy of the facsimile he sent to defendant or identify the individual he spoke with in order to confirm that the notice was actually received by defendant on that date. Even if his affidavit was entitled to a general presumption of regularity (see CPLR 4520), that presumption was overcome by the affidavits defendant submitted in opposition to the cross motion, which plaintiffs failed to rebut with any additional evidence showing that service of the notice of claim was made by facsimile on October 20, 2011 (see De Zego v Donald F. Bruhn, M.D., P.C., 67 NY2d 875, 877 [1986]).
The court properly denied plaintiffs' cross motion to the extent that it alternatively sought to have the notice of claim, untimely served by certified mail on October 27, 2011, deemed timely served nunc pro tunc. Even if defendant had received the reports and witness statements from nonparty the New York City Police Department during the statutory period, knowledge of the accident does not constitute notice to defendant of plaintiffs' intention to file a civil suit based on a negligence claim (see Zapata v New York City Hous. Auth., 115 AD3d 606 [1st Dept 2014]; Lopez v New York City Hous. Auth., 193 AD2d 473 [1st Dept 1993]).
Contrary to plaintiffs' contention, there was no basis to equitably estop defendant from seeking dismissal of the complaint simply because it engaged in litigation, including conducting a 50—h hearing, and did not raise plaintiffs' failure to properly serve a timely notice of claim as an affirmative defense in its answer (see Lozano v New York City Hous. Auth., 153 AD3d 1173 [1st Dept 2017]). Plaintiffs' failure to petition for leave to serve a late notice of claim within one year and 90 days of the date that their claims accrued deprived the court of the authority to grant such relief, and plaintiffs did not assert that the statutory conditions for extending the time to file a late notice were present in this case (see Matter of Carpenter v
New York City Hous. Auth., 146 AD3d 674 [1st Dept 2017], lv denied 29 NY3d 911 [2017]; Adkins v City of New York, 51 AD2d 944 [1st Dept 1976], affd 43 NY2d 346 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK