Butler v City of New York (2022 NY Slip Op 00810)





Butler v City of New York


2022 NY Slip Op 00810


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 150829/16 Appeal No. 15249 Case No. 2020-04475 

[*1]Jeffrey Butler, Plaintiff-Respondent-Appellant,
v
The City of New York, Defendant-Appellant-Respondent, Cyrus Vance, in His Capacity as the District Attorney of New York County, Defendant, NYPD Officer Steven O'Hagan (Shield 4511), Defendant-Respondent, John Doe 1 et al., Defendants.


Georgia M. Pestana, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for The City of New York, appellant-respondent and NYPD Officer Stephen O'Hagan, respondent.
Turturro Law, P.C., Brooklyn (Natraj S. Bhushan of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered October 14, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the false imprisonment claim and granted the motion as to the search and seizure claim pursuant to 42 §§ USC 1985, 1986, and 1988 and the malicious prosecution claim, and granted plaintiff's cross motion for summary judgment on the false imprisonment claim, unanimously modified, on the law, to deny plaintiff's motion and grant defendants motion as to the claim for false imprisonment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff brought his claims for false imprisonment and malicious prosecution, inter alia, after his conviction for criminal possession of a controlled substance in the third degree was reversed on the ground that the search of his person was without probable cause and the resulting arrest therefore invalid (People v Butler, 127 AD3d 623 [1st Dept 2015]).
The malicious prosecution claim was correctly dismissed. To make out a malicious prosecution claim, a plaintiff must show, among other things, that the underlying proceeding was terminated in his/her favor (Martinez v City of Schenectady, 97 NY2d 78, 84-85 [2001]). Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused (id.; see also Gonzalez v City of Schenectady, 728 F3d 149, 162 [2d Cir 2013]). Here, plaintiff's conviction of third-degree criminal possession of a controlled substance (with intent to sell), pursuant to a guilty plea, was reversed but not because of his lack of culpability. Indeed, there was no indication that plaintiff did not possess the drugs recovered from him during the unlawful frisk, arrest and search (see Martinez, 97 NY2d at 84-85 ["Plaintiff's felony conviction was reversed not because of her lack of culpabilityindeed, her guilt was proven beyond a reasonable doubtbut because the evidence that formed the basis for her conviction was obtained pursuant to a faulty search warrant"]; Gonzalez, 728 F3d at 162 [prosecution not resulting in acquittal "is deemed to have ended in favor of the accused, for (malicious prosecution) purposes, only when its final disposition is such as to indicate the innocence of the accused"] [internal quotation marks omitted]).
In moving for summary judgment, plaintiff expressly took no position on the dismissal of his claims pursuant to USC §§ 1983, 1985, 1986, and 1988 against defendant City, and is thus barred from opposing it now. His federal claims against the individual defendants were correctly dismissed as untimely, having been brought nearly five years after the illegal search was conducted.
As plaintiff failed to oppose defendants' motion to dismiss on untimeliness grounds, the false imprisonment [*2]claim should be dismissed. We note, moreover, that the claim is untimely. Contrary to the motion court's finding, the statute of limitations began to run not on the date on which plaintiff was released from incarceration, having completed his sentence, but on the date of his arraignment, when he was released on his own recognizance (see Palmer v City of New York, 226 AD2d 149 [1st Dept 1996]; Montez v Metropolitan Transp. Auth., 43 AD2d 224 [1st Dept 1974]). False imprisonment consists of detention without legal process and ends once the accused is held pursuant to legal process, such as arraignment (see Broughton v State of New York, 37 NY2d 451, 459 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]; Gutierrez v City of New York, 288 AD2d 86 [1st Dept 2001]). Plaintiff's incarceration following his conviction is not part of his false imprisonment claim and thus is not relevant to determining the date of expiration of the limitations period for the claim.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022