In the Matter of CHARLOTTE ANDERLOHR, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, April 23, 1952.

*Joseph B. Lamanna* and *Samuel Spivak* for petitioner.

*Denis M. Hurley, Corporation Counsel (Helen C. Corbett* of counsel), for respondent.

DI GIOVANNA, J. In this action petitioner was injured on April 8, 1951. On May 1, 1951, she wrote a letter to the corporation counsel and he duly acknowledged receipt thereof on May 11, 1951. The notice was not sent by registered mail and was not sworn to. Nevertheless on October 24, 1951, the comptroller duly proceeded to have the petitioner examined pursuant to law and petitioner subsequently signed, swore to and returned the original of the testimony to the comptroller by letter dated November 19, 1951. Petitioner is sixty-five years of age and not in the best of health and her husband was seriously ill with a malignant disease. Petitioner now seeks an order permitting the service of the notice of claim *nunc pro tunc*.

There is no doubt that there is no provision in law permitting the service of a notice of claim *nunc pro tunc;* nor is service of a notice of claim *nunc pro tunc* necessary in this case.

In *Teresta* v. *City of New York* (277 App. Div. 787 [2d Dept., 1950]) the court held that a notice of claim not served in accordance with section 50-e of the General Municipal Law was improperly served and could not form the basis of the commencement of an action. Section 50-e, however, was amended (L. 1951, ch. 393, eff. July 1, 1951) and added the following: '' provided that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim '' (subd. 3).

There is no doubt that in this case the papers were originally improperly served, but nevertheless after July 1, 1951, the effective date of the amendment, the proper authorities on behalf of the City of New York undertook to cause the claimant to be examined in regard to the claim. Those authorities did so because they had received " actual notice " of the claim. Therefore in the opinion of this court the service of the original notice of claim became good. There is no doubt that the amendment was enacted into law as remedial legislation. In all of the cases and in the *Teresta* case (*supra*) the courts recognized the fact that a hardship was worked upon a petitioner where because of some defect in the manner of service, such service was held to be ineffectual. " Remedial statutes are those which are made to supply some defect or abridge some superfluity in the former law, or which supply a remedy where none previously existed. In their construction the points to be considered are the former law, the mischief, and the remedy, and courts must interpret them to suppress the mischief and advance the remedy. Generally speaking remedial statutes meet with judicial approval and are liberally construed. But a liberal construction of such statutes is one which is in the interest of those whose rights are to be protected. * * * Ordinarily, however, if a case is within the beneficial intention of a remedial act it is deemed within the statute, though actually it is not within the letter of the law. But, while a remedial statute is construed with greater liberality than is allowed with reference to a penal statute, it is nevertheless to receive a reasonable interpretation with a view of accomplishing the purpose intended." (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 321.)

Therefore the court feels that the defendant having received actual notice and having proceeded to examine the petitioner, it cannot now complain that the service was bad. Accordingly, the motion is denied.