FRED F. LA PLANTE, as Committee of the Person and Estate of MARY C. LA PLANTE, an Incompetent Person, Respondent, v. JANE S. GARRETT, Individually and Doing Business as JOHN B. GARRETT, Appellant. FRED F. LA PLANTE, Respondent, v. JANE S. GARRETT, Individually and Doing Business as JOHN B. GARRETT, Appellant.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 282 App. Div. 1096.]

## (May 26, 1954.)

NORBERT EISENSTEIN, Respondent, v. BEATRICE C. CONNORS, Appellant. NATHAN N. CORTESE et al., Appellants, v. BEATRICE C. CONNORS, Respondent, and NORBERT EISENSTEIN, Intervener, Respondent.— Motion to vacate a decision of this court handed down May 19, 1954, dismissing the appeals of Beatrice C. Connors and Nathan N. Cortese and James A. Cortese, doing business as the Cortese Restaurant, by default. Motion granted, without costs, and appeals reinstated. The appeals are set down for argument at the September, 1954, term of this court. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See ante, p. 974.]

In the Matter of HARVEY L. EVERY against COUNTY OF ULSTER.— This application involved the attempted service of a notice of claim against the County of Ulster. By a previous order this court, after reversing an order of the Ulster County Court, excused the failure of the infant claimant to serve his claim against the county within the statutory period and fixed what it deemed a reasonable time within which to serve the proposed notice of claim. (281 App. Div. 1060.) This extended time terminated on the first day of August, 1953. The claim was thereafter served within the time specified only on the County Attorney of Ulster County. That service was defective (General Municipal Law, § 50-e, subd. 3; Civ. Prac. Act, § 228). The statutes cited required the service on other county officials. The present application is for a further extension of time in which to serve the claim on all of the officers specified in the statutes. We think that our power in that regard was exhausted when we once fixed a reasonable time for the service of the claim. Some suggestion is made that the Special Term may have power to grant claimant relief under section 50-e of the General Municipal Law, or possibly upon the theory of estoppel, since the claim was actually served within the time specified upon the County Attorney and he is one of the officers required to be served under the statutes. We do not pass upon these theories. However, we call attention to the following cases: Davis v. County of Oswego (203 Misc. 80), and Matter of Martin v. School Bd. of Union Free Dist. No. 28, Long Beach (301 N. Y. 233). Application denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 284 App. Div. 816.]