DIANNE LAURICELLA, an Infant, by ANTHONY LAURICELLA, Her Guardian ad Litem, et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Bronx County, January 28, 1955.

*Harry Kraf* for plaintiffs.

*Leo A. Larkin, Acting Corporation Counsel,* for defendants.

FRANK, J. This is a motion by plaintiffs for an order directing that the service of a notice of claim upon the comptroller's office on March 28, 1951, be deemed good and proper service upon the board of education of the City of New York. The infant plaintiff, then eight years of age, allegedly sustained personal injuries in an accident at P. S. 25 on January 23, 1951. A notice of claim, a copy of which is annexed to the moving papers, directed to the comptroller of the City of New York and the board of education of the City of New York, was timely served upon the comptroller's office for the City of New York on March 28, 1951. Thereafter a hearing was held, attended by the infant plaintiff and her father, the guardian ad litem. The testimony taken covered eleven pages and was captioned " Board of Education — Comptroller's Office ". On June 20, 1951, service of the summons and complaint was effected upon the City of New York and also upon the office of the secretary of the board of education.

In opposition to the motion, it is urged that the notice of claim was not received by the board of education until April 24, 1951, which is one day beyond the period prescribed by section 50-e of the General Municipal Law. However, the corporation counsel admits that the records of the comptroller's office indicate that a letter dated April 20, 1951, which date is within the prescribed period, was written by the comptroller's office transmitting the notice of claim to the board of education.

Subdivision 3 of section 50-e of the General Municipal Law provides: " if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim."

Under the circumstances herein and in the interest of justice the motion is granted. Settle order.