Robert Doscher, J.
In this action, based upon negligence, brought against Westchester County and one of its commissions, both defendants move ‘ ‘ for an order vacating a purported notice of claim dated March 15, 1957 * * * and the summons and complaint ’ ’ against both named defendants. Presumably, what defendants seek is an order (1) adjudging the service of the notice of claim so improper as to constitute a nullity and (2) the dismissal of the complaint because no proper notice of claim was served.
For the purpose of this decision it will be assumed (although not definitely decided) that service was not effected ‘' by delivering a copy of the notice of claim, in duplicate, personally, or by registered mail, to the person * * * designated by law as a person to whom a summons in an action in the Supreme Court * * * may be delivered ” (General Municipal Law, § 50-e). Such service, in the manner prescribed, must be made according to section 52 of the County Law.
At this point, it should be noted that section 52 of the County Law was last amended by the chapter 694 of the Laws of 1945. By chapter 393 of the Laws of 1951 there was added to section 50-e of the General Municipal Law a provision to the effect that service of a notice of claim not made in compliance with the foregoing quoted provisions should be deemed valid if (1) the notice was actually received by the person who should have been served and (2) such party “ shall cause the claimant * * * to be examined in regard to such claim ’ ’. This amendment must be deemed to control actions in tort brought against a county, as well as those against other public corporations.
The amendment above mentioned was made to supply a remedy where none previously existed. Here the mischief to be suppressed was the inability of honest claimants to recover because of technical errors. Such remedial statutes are to receive a reasonable interpretation with a view of accomplishing the intended purpose (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 321).
While there is a denial by the parties claimed to have been served with the notice of claim of either such service or the actual receipt thereof, pro tern, it may be assumed that they were so served (although I will advert further to this matter *295 hereafter). If they were not served, but actually received the notice of claim, service thereof would be valid if the claimant was caused to be examined in regard thereto.
Some municipalities have the power to conduct a hearing on the facts of the claim itself. When they conduct such hearing, after receipt of the notice, the service of the notice of claim is deemed and held valid (Matter of Anderlohr v. City of New York, 201 Misc. 605; Matter of Drake v. Comptroller of City of N. Y., 278 App. Div. 317; Matter of Paris, 118 N. Y. S. 2d 407). A county has no authority to conduct a hearing on the facts. In the case at bar, it did “ cause the claimant * * * to be examined in regard to such claim ’ ’ when a physical examination was held.
This court has assumed that service of the notice of claim was actually made or the person to be served actually received the notice. If this be not so, the matter should be raised by the answer. A separate trial of that issue may be applied for, after the issue is joined, under section 443 of the Civil Practice Act. If such separate trial is granted, this question can be readily disposed of without complicating the main issues, if they are to be tried.
There seems to be a dispute as to the court’s having acquired jurisdiction over the person of the defendant Westchester County. However, if relief is sought on this ground, the joinder of the objection with an objection to the merits waives the claim that the court has not acquired jurisdiction over the defendant Westchester County (Civ. Prac. Act, § 237-a).
The motion will be denied with leave to the defendants to answer within 20 days after service of a copy of the order hereon, with notice of entry.
Settle order on notice.