EDWIN SOULES, Respondent, v. CITY OF ROCHESTER, Respondent, and COUNTY OF MONROE, Appellant.

Fourth Department, April 27, 1960.

*Nixon, Hargrave, Devans & Dey* (*Julian W. Atwater* of counsel), for appellant.

*Charles P. Maloney* and *Albert S. De Clue* for Edwin Soules, respondent.

*Honora A. Miller, Corporation Counsel,* for City of Rochester, respondent.

*Per Curiam.* This is an appeal from an order which, in effect, declares that the service by plaintiff of a notice of claim under the provisions of section 50-e of the General Municipal Law

was sufficient, valid and binding as against the appellant County of Monroe.

The plaintiff brought an action against the county based on claims of negligence, false arrest and assault. He failed to serve the notice of claim required by said section 50-e, within 90 days of the accrual of the cause of action. On the 6th day of June, 1958, approximately four months after such accrual, he served papers on a motion for an extension of time upon the county by registered mail addressed to the County Clerk and the County Attorney. Contained in these papers was a proposed notice of claim. It is contended by the plaintiff that this was in the form required by the statute. That statement is not challenged by the county. In other words, had this been served as a notice within the proper time, it would have complied with the formal requirements of section 50-e.

On the 8th of July, 1958 Special Term granted the plaintiff's motion, but the formal order was not signed until July 22, 1958. That order permitted service within 20 days from the date of the signing of the order. The extension was granted pursuant to subdivision 5 of section 50-e because of the mental and very serious physical disability of the plaintiff. On the 31st of July a notice of claim was mailed "return receipt requested" to the County Clerk, but not to the County Attorney. The appropriate statutes require that both of these officials be served in order to commence an action against the county (Civ. Prac. Act, § 228; *Matter of Every* v. *County of Ulster*, 283 App. Div. 987). On August 6, which was still within the 20-day period, the notice was delivered to the office of the County Attorney by the County Clerk so that the County Attorney received notice at that time of the fact that the plaintiff intended to bring suit on the claim.

However, the defendant county had actual notice of the fact that an action would be brought against it on June 6, 1958 when the proposed notice was served as a part of the original motion papers for an extension. After that time, on June 19, apparently because it had such actual notice, the county requested permission to examine plaintiff's hospital records in regard to the claim. This, of course, was done with the permission and acquiescence of the plaintiff, and in effect was an examination of the claimant under subdivision 3 of section 50-e of the General Municipal Law. Although it is not clear from the record just when this examination was had, it seems obvious it was held before the date of the Special Term extension order.

Said subdivision 3 provides that when the manner of service of a notice of claim is defective, it may nevertheless be deemed

valid if two conditions are found to exist: (1) that the notice was actually received, and (2) that the party against whom the claim was made has caused the claimant or any other person interested in the claim to be examined. In the present case, the prerequisites to holding the notice valid exist.

Thus, we have a situation where this municipality, knowing that a claim was to be asserted, caused an examination of the plaintiff to be had in regard to such claim, after which the notice was served upon the County Clerk and actually received by the County Attorney within the period specified in the Special Term order permitting late service.

The purpose underlying the enactment of section 50-e was to insure that municipalities would be given prompt notice so that investigations of claims could be made expeditiously (*Winbush* v. *City of Mt. Vernon,* 306 N. Y. 327; *Sandak* v. *Tuxedo Union School Dist. No. 3,* 308 N. Y. 226). The saving provisions in subdivision 3 were intended as remedial legislation and should be construed liberally (*Matter of Anderlohr* v. *City of New York,* 201 Misc. 605; 1951 N. Y. Legis. Annual, p. 42). The section does not require that the actual receipt of the notice precede the examination nor would such an interpretation accomplish any valid purpose (see, e.g., *Lauricella* v. *City of New York,* 207 Misc. 203).

Further, there could be no possible prejudice to this defendant and although it has been held that lack of prejudice is not the determining factor, still it should be considered in determining the reasonable meaning of the statutory scheme. This liberal construction of the statute is well warranted under the facts of this particular case. Any other holding would work a severe, unnecessary and unwarranted hardship.

We do not agree with the reasoning of Special Term (see *Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57), but conclude that its ultimate decision was correct. The order appealed from should be modified to hold that there was sufficient compliance with the order of July 22, 1958, and that service is deemed valid under the provisions of subdivision 3 of section 50-e of the General Municipal Law.

Present — WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ.

Order unanimously modified by deleting the entire ordering paragraphs and inserting in place thereof: " ORDERED that plaintiff's motion is granted to the extent of determining that plaintiff has sufficiently complied with the order of June 19, 1958, and that service is deemed valid under the provisions of

subdivision 3 of section 50-e of the General Municipal Law''
and as so modified the order is affirmed, without costs of this
appeal to any party.