IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUNE 30 2008

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| JAMES COLT JONES, a single man; and JAMES and BETTY JONES, husband and wife, | ) ) ) ) | 2 CA-CV 2007-0132 DEPARTMENT A |
| Plaintiffs/Appellants, | ) ) | O P I N I O N |
| v. | ) ) ) | |
| COCHISE COUNTY, a political subdivision of the State of Arizona; SHERIFF LARRY DEVER, an elected official; PAUL MATTHEWS and CHERYL MATTHEWS, husband and wife, | ) ) ) ) ) ) ) ) | |
| Defendants/Appellants. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20070134

Honorable John F. Kelly, Judge

REVERSED AND REMANDED

Cardinal & Stachel, P.C.
  By Jana E. Flagler and Christian B. Carlsen                    Sierra Vista
                                        Attorneys for Plaintiffs/Appellants

Kimble, Nelson, Audilett & Kastner, P.C.
  By Daryl Audilett                                              Tucson
                        and
Jones, Skelton & Hochuli, P.L.C.
  By Eileen Dennis GilBride                                      Phoenix
                                        Attorneys for Defendants/Appellees

Law Office of Charles M. Brewer, L.T.D.
  By David L. Abney                                              Phoenix
                        and
Haralson, Miller, Pitt, Feldman & McAnally,
P.L.C.
  By Stanley G. Feldman                                         Tucson
                                        Attorneys for Amicus Curiae
                                        Arizona Trial Lawyers Association

B R A M M E R, Judge.

¶1        Appellants James Colt Jones and his parents, James and Betty Jones, appeal from the trial court's grant of summary judgment in this personal injury action in favor of Cochise County, Cochise County Sheriff Larry Dever, and Paul and Cheryl Matthews (collectively, "the County").  The trial court determined the notice of claim the Joneses had filed with the County pursuant to A.R.S. § 12-821.01 did not meet the statutory requirements.  Because we conclude the notice of claim satisfied the statute, and because the County waived the statutory defenses in any event, we reverse and remand the case to the trial court.

2

**Factual and Procedural Background**

¶2        On review of summary judgment, we "view the evidence in the light most favorable to the party opposing the motion for summary judgment and draw all inferences fairly arising from the evidence in that party's favor." *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 293, 877 P.2d 1345, 1349 (App. 1994). At approximately 2:30 a.m. on August 3, 2005, Cochise County Sheriff Deputy Paul Matthews, responding to a call in his county vehicle, struck James as he was walking along the shoulder of a highway. James suffered several severe injuries, including a "brain shear" injury and injuries to his left leg, left hand, and collarbone.

¶3        On January 31, 2006, pursuant to § 12-821.01, the Joneses sent a notice of claim letter, signed by their attorney, to Matthews, Dever, and the Cochise County Board of Supervisors. After describing the incident and James's injuries, the notice concluded:

> If this matter can be settled prior to litigation, I will recommend to [James] that he settle his claims against Cochise County, Deputy Paul Matthews, and the Cochise County Sheriff's Office for $4,500,000.00. I will advise Mr. and Mrs. Jones to settle their claim against Cochise County, Deputy Paul Matthews, and the Cochise County Sheriff's Office for $1,000,000.00. These offers to settle will be withdrawn sixty (60) days from the receipt of this claim and suit will be filed.

¶4        In April 2006, the Joneses filed their complaint, alleging Matthews had been negligent and that Cochise County and Dever were vicariously liable for that negligence. The complaint also included a loss of consortium claim by James's parents. The County filed its answer the following month and admitted that Matthews "was in the course and scope of

3

his employment at the time of the collision." The County's answer did not include as an affirmative defense any failure by the Joneses to comply with § 12-821.01.

¶5        In April 2007, after having participated in more than six months of disclosure and discovery, the County filed a motion requesting leave to amend its answer to "assert the affirmative defense of failure to comply with the notice of claim statute" and a motion to dismiss, asserting the Joneses' notice of claim did not comply with § 12-821.01.[1] To support its motion, the County primarily relied on our supreme court's February 2007 decision in *Deer Valley Unified School District No. 97 v. Houser*, 214 Ariz. 293, 152 P.3d 490 (2007). The trial court, over the Joneses' objection, granted the County leave to amend and granted its motion to dismiss. It then granted the County's motion for sanctions made pursuant to Rule 68, Ariz. R. Civ. P., and entered judgment in favor of the County, awarding it $7,304.40 in taxable costs.[2] The judgment also stated the court had treated the County's motion to dismiss "as a Motion for Summary Judgment since the Notice of Claim is a document outside the pleadings." This appeal followed.

---

[1]The record shows that, before filing its motion to dismiss, the County provided the plaintiffs with a disclosure statement, answered interrogatories, and participated in seven depositions—including those of all three plaintiffs. In its amicus brief, the Arizona Trial Lawyers Association (ATLA) asserts the County also provided plaintiffs with two supplemental disclosure statements and responded to a request for production of documents before filing its motion to dismiss. We do not, however, find support for these assertions in the record on appeal.

[2]On November 17, 2006, the County had served the Joneses an offer to confess judgment for $500 to each plaintiff.

**Discussion**

¶6        "Before initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with Arizona Revised Statutes (A.R.S.) section 12-821.01." *Deer Valley*, 214 Ariz. 293, ¶ 1, 152 P.3d at 491. A notice of claim "shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed," "a specific amount for which the claim can be settled[,] and the facts supporting that amount." § 12-821.01(A). "Claims that do not comply with A.R.S. § 12-821.01.A are statutorily barred." *Deer Valley*, 214 Ariz. 293, ¶ 6, 152 P.3d at 492.

¶7        The County's motion to dismiss asserted the Joneses' notice of claim did not comply with § 12-821.01. The trial court granted the motion, properly regarding it as a motion for summary judgment pursuant to Rule 56(c), Ariz. R. Civ. P., because "the [attached] Notice of Claim is a document outside the pleadings." *See* Ariz. R. Civ. P. 12(b). We review de novo a trial court's determination that a party's notice of claim failed to comply with § 12-821.01. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 24, 160 P.3d 223, 230 (App. 2007); *see also Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, ¶ 8, 156 P.3d 1157, 1160 (App. 2007) ("In reviewing a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law.").

5

Does the notice of claim contain "a specific amount for which the claim can be settled"?

**¶8**        In granting the County's motion, the trial court relied on our supreme court's decision in *Deer Valley*, issued after the Joneses had served their notice of claim and filed this action. Specifically, the trial court relied on the supreme court's statement that the "clear and unequivocal" language of § 12-821.01 "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *Deer Valley*, 214 Ariz. 293, ¶ 9, 152 P.3d at 493. The trial court reasoned that, because the notice of claim "contained [only] an amount that the attorney would recommend that his client settle for," the notice did "not contain a specific amount for which the claim 'can be settled'" and, therefore, did not meet the requirements of § 12-821.01 and *Deer Valley*.

**¶9**        In *Deer Valley*, the supreme court addressed whether the statement of the amount for which the claim could be settled in the notice of claim filed in that case was sufficiently specific. *See* 214 Ariz. 293, ¶ 10, 152 P.3d at 493. The notice of claim in that case identified several claim amounts but "repeated[ly] use[d] qualifying language" such as "'approximately,'" "'or more,'" and "'no less than'" in describing those amounts. *Id.* The court determined that such qualifying language made "it impossible to ascertain the precise amount for which the [defendant] could have settled [the] claim." *Id.* Thus, the court concluded, "[i]n light of th[e] substantial variation in potential value and the absence of any clear aggregate claim amount in [the notice of claim], the amounts identified . . . cannot be considered 'specific.'" *Id.* ¶ 11.

6

**¶10** In contrast to the amounts suggested for settlement by the plaintiff in *Deer Valley*, the amounts stated in the Joneses' notice of claim were certain and not approximate. The notice's language stating the Joneses' attorney would recommend or advise them to settle for those amounts in no way qualified the amounts. The County argues, however, those statements qualified whether the Joneses would settle the claim, and, therefore, the notice of claim did not fulfill the functions of § 12-821.01 because it left the County unable to "assess the possibility of settlement prior to litigation and assist [it] in financial planning and budgeting." *See Deer Valley*, 214 Ariz. 293, ¶ 6, 152 P.3d at 492 (notice of claim requirements "'allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting.'"), *quoting Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, ¶ 9, 144 P.3d 1254, 1256 (2006). The County asserts the notice's wording left it "completely in the dark" about whether the Joneses would accept those amounts or whether the notice of claim was "instead an opening salvo or a fishing expedition."

**¶11** The County's argument, however, divorces portions of the language of the notice of claim from their context and fails to consider the notice as a whole. *Cf. State ex rel. Goddard v. R.J. Reynolds Tobacco Co.*, 206 Ariz. 117, ¶ 13, 75 P.3d 1075, 1078 (App. 2003) (in interpreting contract, "we read words 'in the context in which they are used, and [considering] the purposes sought . . . by the agreement.'"), *quoting Employment Sec. Comm'n v. Amalgamated Meat Cutters & Butcher Workmen of N. Am.*, 22 Ariz. App. 54, 58,

7

523 P.2d 105, 109 (1974) (alteration in *R.J. Reynolds*).[3]  The Joneses' notice of claim explicitly referred to § 12-821.01 and described the amounts it stated as "offers to settle" that would "be withdrawn sixty (60) days from the receipt of this claim," the same time limit imposed in § 12-821.01(E).  We do not see—nor does the County adequately explain—how it was prevented from assessing the possibility of settlement or planning by the language in the notice of claim that the Joneses' attorney would advise them to accept an offer of settlement for the amounts stated in the notice of claim.

¶12        When viewed in isolation, that language arguably qualifies whether the Joneses would, in fact, accept a settlement of that amount.  But the concluding language stating the specific amounts were offers to settle, subject to withdrawal after sixty days had passed, belies any reasonable interpretation of that language as qualifying the Joneses' willingness to settle their claims for those amounts.  There would have been no reason to describe the amounts as offers if they were not offers, and certainly no reason to prescribe when they would expire.[4]  *Cf. K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 139 Ariz. 209, 212,

---

[3]Arizona cases have not addressed how a notice of claim should be interpreted and by whom.  Because we determine that the notice is not reasonably susceptible to the County's interpretation, however, we need not decide that issue.

[4]Although the Joneses do not argue on appeal that the trial court erred in granting the County's motion for leave to amend its answer, we note, nonetheless, that the purpose behind the notice of claim requirement is simply not implicated in this case.  The County did not raise the notice of claim as a possible defense until nearly a year after the Joneses filed their complaint.  Thus, the County had ample opportunity to determine the relative merits of the Joneses' claims, decide whether to offer to settle them, and to engage in any necessary financial planning and budgeting.  *See Deer Valley*, 214 Ariz. 293, ¶ 6, 152 P.3d at 492.  Indeed, the record shows the County did precisely that, having offered to confess

677 P.2d 1317, 1320 (App. 1983) ("An offer is '. . . a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'"), *quoting* Restatement (Second) of Contracts § 24 (1981) (alteration in *K-Line Builders*). This concluding language, together with the explicit reference to the statute, makes it clear that the figures the Joneses provided represented "a specific amount for which the claim can be settled." § 12-821.01.

¶13         Notably, the County points to nothing in the record suggesting that it did not understand the Joneses' notice of claim to be a clear and firm statement of the amounts for which they would settle their claims, or that it needed any other information to evaluate the claims. It was the County's burden to show the Joneses' notice of claim was deficient in that regard, and any supporting evidence would have been in the County's sole control.

¶14         Moreover, § 12-821.01 is part of Chapter 7, article 2 of the Arizona Revised Statutes, which is entitled "Actions Against Public Entities or Public Employees." When the Arizona legislature revised that article in 1984, the legislature "declared [it] to be the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state," and that "[a]ll of the provisions of this act should be construed with a view to carry out the above legislative purpose." 1984 Ariz. Sess. Laws, ch. 285, § 1(A); *see also Pritchard v. State*, 163 Ariz. 427, 431, 788 P.2d 1178, 1182 (1990) ("[I]t is a common law rule in Arizona that the government is liable for

_____

judgment—seven months after the action began—in favor of all three Joneses in the amount of $500 each.

its tortious conduct . . . ."). And, as a practical matter, due to the brief 180-day period within which a notice of claim must be filed, *see* § 12-821.01(A), and because a purported deficiency likely will not be raised by a defendant until after that time period has elapsed, a claimant will have no opportunity to correct a deficiency in its notice of claim. *Cf. Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 272, 872 P.2d 668, 676 (1994) ("[W]e are reluctant to interpret a statute in favor of denial or preemption of tort claims."). Therefore, although we recognize that a claimant must strictly comply with § 12-821.01, evaluation of that compliance should not turn on a reading of that statute—or of the notice of claim—that risks elevating form over substance. To place undue weight on the language in the notice of claim stating the Joneses' counsel would recommend or advise them to accept settlement for the specific amounts stated in the notice of claim would risk exactly that. As we have explained, to do so would ignore the notice of claim's characterization of those amounts as firm offers to settle subject only to expiration by the passage of time.

¶15 Not only does the Joneses' notice of claim strictly comply with the requirements of § 12-821.01, it also fulfills the purposes behind the notice of claim requirements—to allow the public entity to investigate and assess liability, permit the possibility of settlement, and assist the public entity in financial planning and budgeting. *See Deer Valley*, 214 Ariz. 293, ¶ 6, 152 P.3d at 492. Again, the County does not explain how the alleged deficiencies in the Joneses' notice of claim prevented it from investigating the case, interfered with any financial planning, or prevented it from pursuing a settlement. As we noted above, the County did not point to anything in the record suggesting it did not

10

understand the Joneses' notice of claim to clearly state an amount for which they would settle. Accordingly, for the reasons stated above, we conclude that here, unlike in *Deer Valley*, the Joneses' notice of claim contains "a specific amount for which [their] claim can be settled." § 12-821.01(A).

<u>Does the notice of claim contain sufficient facts supporting the amount claimed?</u>

¶16 Although it did not raise this argument below, the County now asserts the notice of claim "was deficient in identifying the factual basis for the amounts the lawyer was willing to recommend to the [Joneses]." We may uphold a grant of summary judgment if it is correct for any reason,[5] *see Rowland v. Great States Ins. Co.*, 199 Ariz. 577, ¶ 6, 20 P.3d 1158, 1162 (App. 2001), but we find the County's argument unpersuasive.

¶17 The County points out that the Joneses' notice of claim only specifically lists the dollar amount of James's medical expenses. The notice stated that James currently had a bill for $128,118.48 from one hospital and that, because "many of his injuries remain[] unresolved, it is likely that [his] medical bills could easily exceed $250,000.00." The County argues that "[n]o explanation is given for the remaining $4,250,000" listed in the notice of claim and it is not clear if those damages are for "pain and suffering," "[l]ost future wages,"

[5]We note that this rule does not apply in all circumstances. "Affirming a summary judgment on new grounds . . . may deprive the non-moving party of the opportunity to present facts which are relevant to the new issues, but which were not relevant to the issues raised below." *Rhoads v. Harvey Publ'ns, Inc.*, 131 Ariz. 267, 269, 640 P.2d 198, 200 (App. 1981). Thus, we "may affirm on new grounds only if there are no conceivable facts which would allow the non-moving party to prevail on the new issues." *Id.* Because no facts outside the notice of claim are relevant to whether it sufficiently states the facts on which it is based, however, we address this argument in spite of the County's failure to raise it below.

11

or "[f]uture medical expenses." Section 12-821.01(A) requires that a plaintiff's notice of claim contain "facts supporting [the] amount" for which the claim "can be settled." The plain language of the statute, however, does not require the notice of claim to provide a specific calculation for each possible basis for or element of damage—only a total amount. *See Farris v. Advantage Capital Corp.*, 217 Ariz. 1, ¶ 5, 170 P.3d 250, 251 (2007) ("A statute's plain language is the best indicator of legislative intent . . . .").

¶18        Moreover, the County's reliance on *Deer Valley* is misplaced. There, although our supreme court expressly declined to reach the issue, it suggested the plaintiff's claim was deficient because the notice of claim "d[id] not provide *any* facts supporting the claimed amounts for emotional distress and for damages to [the plaintiff's] reputation." *Deer Valley*, 214 Ariz. 293, n.3, 152 P.3d at 494 n.3. The Joneses' notice, in contrast, contained numerous facts, beyond James's medical expenses, supporting his claimed amount. It stated James may have "permanent brain damage," "suffers from speaking difficulties, is easily fatigued, and suffers from severe migraines." It further stated James's left knee was injured, resulting in "severe gait impairment" that might permanently affect the range of motion in his leg, and that his left hand "continues to be painful and weak." The notice also pointed out that the damage to James's collarbone may leave him permanently disfigured. Additionally, the notice explained that James would not graduate from high school as expected, that he could not currently work, and that "[i]t is possible that he will never be able to engage in full time employment or attend college." And, although the County also complains that James' parents' claims were insufficiently supported, the Joneses' notice of claim that James's

12

parents could settle their claim for $1,000,000 had similar factual support. The notice of claim explained that both parents had "been dominated with the care of their injured son," and had taken extensive time away from their employment to care for him, specifically stating that Betty had "postponed return to her job for approximately 5 months."

¶19 The factual-basis requirement of § 12-821.01 must be viewed in light of the inherent uncertainty in damages for pain and suffering and future lost wages. And it must be viewed in the context of the relatively compressed time period—180 days—within which the notice of claim must be filed, and the factual information supporting it marshalled, after the cause of action accrues. *See* A.R.S. § 12-821.01(A).

> In particular, the elements of future loss of earnings, loss of earning capacity, pain and suffering, and future medical expenses are not capable of precise ascertainment and thus "(i)n an action for personal injuries, the law does not fix precise rules for the measure of damages but leaves their ascertainment to a jury's good sense and unbiased judgment.

*Bruce Church, Inc. v. Pontecorvo*, 124 Ariz. 305, 308, 603 P.2d 932, 935 (App. 1979), *quoting Meyer v. Ricklick*, 99 Ariz. 355, 358, 409 P.2d 280, 282 (1965). In a personal injury action, "the plaintiff is seeking a lump sum figure to compensate him for the injuries," and that sum may encompass a variety of bases. *Id.* Thus, it is not reasonable to interpret § 12-821.01 to require either a precise accounting for each possible basis for damages, or expert reports supporting them. It instead requires only that the claimant provide the facts supporting a lump sum award for those damages. And nothing in the record suggests the notice of claim here failed to give the County the best information available to the claimants a mere 180 days after the injury.

13

¶20　　　　Additionally, in *Deer Valley* our supreme court explained the requirement that a notice of claim provide facts in support of the amount demanded in the notice is meant, in addition to allowing the governmental entity "to evaluate the amount claimed," to "ensure[] that claimants will not demand unfounded amounts that constitute 'quick unrealistic exaggerated demands.'" *Deer Valley*, 214 Ariz. 593, ¶ 9, 152 P.3d at 493, *quoting Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 466, 793 P.2d 1129, 1133 (App. 1990).[6] Given the Joneses' detailed recitation of James's injuries and the effect those injuries have had and will have on his life, as well as the description of his parents' situation, the statute's purpose has been met. No more detail was required.

Has the County waived any objection to deficiencies in the notice of claim?

¶21　　　　The Joneses additionally assert that the County has "waived [its] right to challenge the notice of claim" because it did not raise the issue until nearly a year after the Joneses had filed their complaint and had actively litigated the case, including engaging in discovery and participating in depositions. The Joneses reason those facts, viewed in the light most favorable to them, *see Phoenix Baptist Hosp. & Med. Ctr., Inc.*, 179 Ariz. at 293, 877 P.2d at 1349, would permit a trier of fact to conclude the County had waived any purported deficiency in the notice of claim. *See Brookover*, 215 Ariz. 52, ¶ 8, 156 P.3d at

---

[6]We also note that our supreme court has upheld a trial court's admission into evidence at trial, for impeachment purposes, portions of a plaintiff's notice of claim. *Hernandez v. State*, 203 Ariz. 196, 52 P.3d 765 (2002). Therefore, a claimant understandably might be more cautious and circumspect in attempting relatively soon after an injury to provide specific facts supporting a particular element of damages, particularly when doing so could lead to later attempts to impeach trial testimony relevant to those damages.

1160 ("In reviewing a motion for summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law.").

¶22       The notice of claim statute is "subject to waiver, estoppel and equitable tolling." *Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990).    The County argues, however, that it has not waived this defense because it was granted leave to amend its answer—a ruling which the Joneses do not appeal.   The County, however, confuses waiver pursuant to Rule 12(h), Ariz. R. Civ. P., engendered by a party's failure to plead an affirmative defense, with waiver by conduct.   "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Cont'l Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55, 607 P.2d 372, 374 (1980).   As we understand their argument, the Joneses do not contend the County has expressly waived the defense, instead asserting that it has waived it by conduct.

¶23       "Waiver by conduct must be established by evidence of acts inconsistent with an intent to assert the right." *Id.*   A party may assert an affirmative defense in its pleadings and still waive that defense by conduct. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Rule 12(h)(1)[, Fed. R. Civ. P.,] specifies the minimum steps that a party must take in order to preserve a defense.   It does not follow, however, that a party's failure to satisfy those minimum steps constitutes the only circumstance under which the party will be deemed to have waived a defense."); *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 n.2 (D.C. Cir. 1997) ("A Rule 15[, Fed. R. Civ. P.,] amendment,

15

if allowed by the trial court, will cure any problem of timeliness associated with forfeiture [by failing to plead an affirmative defense]. However, if a party 'waives,' *i.e.*, intentionally relinquishes or abandons an affirmative defense, no cure is available under Rule 15."); *see, e.g., Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993) (waiver of personal jurisdiction where party raised defense in answer but "fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction"); *Yeldell v. Tutt*, 913 F.2d 533, 538-39 (8th Cir. 1990) (waiver of personal jurisdiction where asserted in answer but not raised until appeal). Moreover, "[t]he merits or facts of the controversy are not to be decided in the consideration of a motion to amend." *Hernandez v. Maricopa County Superior Court*, 108 Ariz. 422, 422, 501 P.2d 6, 6 (1972). Therefore, that the trial court granted the County leave to amend its answer cannot be interpreted as a determination the County had not waived that defense by its conduct. The County's mere amendment of its answer to allege a new affirmative defense does not foreclose any subsequent argument that it has waived by its conduct the defense of failure to comply with § 12-821.01.

¶24        Cases from other jurisdictions support a finding of waiver as a matter of law when a party fails to assert a deficiency in the notice of claim until after litigating the claim on its merits or investigating the claim prior to litigation. In *Teresta v. City of New York*, 108 N.E.2d 397, 397 (N.Y. 1952), the trial court dismissed the plaintiff's tort action because he had sent his notice of claim by ordinary mail, rather than personal delivery or registered mail, in violation of the New York notice of claim statute. New York's highest court determined

16

the city had "unequivocal[ly] waive[d]" that requirement by informing the plaintiff that his notice had been received and "hold[ing] an examination [with the plaintiff present] in connection with the claim." *Id.* at 398.[7]

¶25 In *Miotke v. City of Spokane*, 678 P.2d 803, 820 (Wash. 1984), *overruled on other grounds by Blue Sky Advocates v. State*, 727 P.2d 644 (Wash. 1986), the plaintiffs admitted they had not complied with the statute requiring them to file a claim with the city prior to filing their action. The Washington supreme court affirmed the trial court's determination the city had waived this statutory defense by failing to raise it until "3 years after the litigation began . . . [after] the first phase of litigation had been completed[, including] several days of hearings . . . and the trial court had entered its first set of findings and conclusions." *Id.* The supreme court noted that waiver was appropriate "[i]n view of the substantial litigation which had occurred before the defense was raised." *Id.*

¶26 The above cases are distinguishable. They address either conduct that occurred before litigation began or situations in which a governmental entity has engaged in considerably more extensive litigation before raising the defense than is present here. But the common thread of those cases is that waiver may be found when a governmental entity

---

[7]The New York legislature added a saving clause to its notice of claim statute in response to the appellate decision *Teresta* had overruled. *See Teresta*, 108 N.E.2d at 442 n.1; *Anderlohr v. City of New York*, 112 N.Y.S.2d 135, 136 (N.Y. App. Div. 1952). Therefore, most New York courts finding waiver where the governmental entity conducted an examination after receiving the notice of claim rely on the saving clause instead of *Teresta*. *See, e.g., Soules v. City of Rochester*, 199 N.Y.S.2d 966, 968-69 (N.Y. App. Div. 1960); *Anderlohr*, 112 N.Y.S.2d at 136-37; *Harwood v. City of Hornell*, 246 N.Y.S.2d 222, 224-25 (N.Y. Sup. Ct. 1964). This in no way weakens the court's conclusion in *Teresta* that a governmental entity can waive the notice of claim requirements by its conduct.

17

has taken substantial action to litigate the merits of the claim that would not have been necessary had the entity promptly raised the defense.

¶27 As we noted above, here the County provided the Joneses with a disclosure statement, answered interrogatories, and participated in seven depositions—including those of all three plaintiffs—before it raised this defense, almost a year after the complaint was filed. It appears, in fact, that it was the County, not the Joneses, that had noticed six of the depositions—all three plaintiffs were deposed and the County served subpoenas on three other witnesses. This conduct is inconsistent with an intention to assert the notice of claim statute as a defense.[8] Had the County intended to assert that defense, there would have been no need for it to engage in disclosure or discovery; it would have been able to assert the defense immediately.[9] Of particular importance is that the County did more than merely respond to the complaint or discovery requests—it actively investigated and proactively defended the claim by subpoenaing and deposing witnesses and conducting other discovery. Finally, we note that the County asserts the notice of claim requirements are not "difficult

---

[8]The County asserted below that it did not "realize[]" the Joneses' notice of claim was insufficient until our supreme court "clarified" the statutory requirements in *Deer Valley*. This assertion is inconsistent with the County's argument, made below and on appeal, that *Deer Valley* should be applied retroactively because it did not establish a new legal principle.

[9]In its response to ATLA's amicus brief, the County asserts that the recent decision by Division One of this court in *City of Phoenix v. Fields*, No. CA-SA 07-0152, 2008 WL 1796039 (Ariz. App. April 22, 2008), stands for the proposition that a defendant does not waive the defense of a plaintiff's failure to comply with § 12-821.01 by raising the defense late in the litigation. There, the defense was not raised until litigation had been ongoing for four years. *Id.* ¶ 5. Nothing in that opinion, however, suggests the question of waiver was raised by the parties, and the court did not address it.

. . . to understand[] and . . . to assess or to meet," thereby charging the Joneses with the responsibility of providing it with a non-deficient notice of claim. Had the Joneses' notice of claim been so patently deficient, the County should have immediately been aware of its arguable insufficiencies and promptly raised the issue.

¶28 Arizona courts have held waiver is "a question of fact to be determined by the trier of fact." *Chaney Bldg. Co. v. Sunnyside Sch. Dist. No. 12*, 147 Ariz. 270, 272-73, 709 P.2d 904, 906-07 (App. 1985) (whether party waived contractual notice requirement question for trier of fact). Here, however, the facts relating to waiver are uncontested, occurred after litigation began, and are wholly unrelated to the underlying facts of the claim. *See, e.g., Scruggs v. State Farm Mut. Auto. Ins. Co.*, 204 Ariz. 244, ¶ 27, 62 P.3d 989, 995 (App. 2003) (finding as a matter of law that claimant complied with corroboration requirement of A.R.S. § 20-259.01(M) because material facts uncontested); *Yeldell*, 913 F.2d at 539 (deciding waiver of personal jurisdiction as matter of law based on conduct after litigation began); *McCloud v. State*, 217 Ariz. 82, ¶ 9, 170 P.3d 691, 695-96 (App. 2007) (trial court, not jury, should decide whether to equitably toll statute of limitations because, in part, "the facts related to the reasons for equitable tolling are frequently unrelated to the central facts relevant to the merits of the plaintiff's claim"). And the New York and Washington cases cited above found waiver of notice of claim requirements as a matter of law.

¶29 In the summary judgment context, where the facts are undisputed and the "legal conclusions to be drawn from th[o]se facts" are the matter "in actual dispute," the trial court should resolve those questions "sitting in its capacity as judge and not in its capacity as a trier

19

of fact." *Scottsdale Jaycees v. Superior Court*, 17 Ariz. App. 571, 574, 499 P.2d 185, 188 (1972). Thus, in these circumstances, the question of waiver need not be submitted to the jury but instead should be decided by the trial court as a matter of law. The trial court here did not discuss the Joneses' argument that the County had waived the requirements of the notice of claim statute, thus implicitly rejecting it. We disagree with the trial court's implicit conclusion; the undisputed facts here constitute waiver as a matter of law.[10] Thus, as an independent reason to reverse summary judgment, even had the Joneses' notice of claim been insufficient, the County has waived that affirmative defense.

**Disposition**

¶30         For the reasons stated above, we conclude that the Joneses' notice of claim met the requirements of § 12-821.01, and that, in any event, the County waived the affirmative defense that the notice of claim was deficient. Therefore, the trial court erred in granting the County's motion for summary judgment. Accordingly, we reverse that ruling and remand the case to the trial court for further proceedings consistent with this opinion.[11] We also

---

[10]We do not address the Joneses' assertion that the County is estopped from raising as a defense the Joneses' purported failure to comply with § 12-821.01.

[11]In view of our disposition of this appeal, we need not address the Joneses' argument that *Deer Valley* should not be applied retroactively. We note, however, that the supreme court in *Deer Valley* applied its holding to the plaintiffs in that case and "remand[ed] [the case] to the superior court with instructions to dismiss"—thus applying its decision retroactively to the plaintiffs in that case. 214 Ariz. 293, ¶ 24, 152 P.3d at 496. It did not state its holding should otherwise be applied prospectively only, suggesting it is to be applied both prospectively and retroactively. *See Taylor v. Travelers Indem. Co. of Am.*, 198 Ariz. 310, ¶ 30, 9 P.3d 1049, 1060 (2000) ("'Unless otherwise specified, Arizona appellate opinions in civil cases operate both retroactively and prospectively.'"), *quoting Law v. Superior Court*, 157 Ariz. 147, 160, 755 P.2d 1135, 1148 (1988). Nor would it be

20

vacate the trial court's award of fees and costs to the County made pursuant to Rule 68, Ariz. R. Civ. P.

 

 

_____
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:

_____
JOSEPH W. HOWARD, Presiding Judge

_____
JOHN PELANDER, Chief Judge

appropriate for this court to determine whether the *Taylor* presumption applies here—it is for the supreme court to determine whether its opinions should be applied only prospectively. *See id.* ("We occasionally allow a decision to have only prospective application, but the matter 'is a policy question within *this court's* discretion.'"), *quoting Fain Land & Cattle Co. v. Hassell*, 163 Ariz. 587, 596, 790 P.2d 242, 251 (1990) (emphasis added); *Zavala v. Ariz. State Pers. Bd.*, 159 Ariz. 256, 264, 766 P.2d 608, 616 (App. 1987) (questioning "whether a lower court should . . . reckon[] the retroactivity of a higher court's opinion"); *see also Davis v. Cessna Aircraft Corp.*, 182 Ariz. 26, 36-37, 893 P.2d 26, 36-37 (App. 1994) (citing *Zavala* and declining to address argument that supreme court opinion should only apply prospectively).