IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

JOSEPH E. TERBORG, INDIVIDUALLY,
*Plaintiff/Appellant*,

*v.*

TOWN OF PAYSON,
A POLITICAL SUBDIVISION OF THE STATE OF ARIZONA,
*Defendant/Appellee*.

No. 2 CA-CV 2025-0080
Filed November 5, 2025

---

Appeal from the Superior Court in Gila County
No. S0400CV202400109
The Honorable Timothy M. Wright, Judge

**VACATED AND REMANDED**

---

COUNSEL

Ahwatukee Legal Office P.C., Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Jellison Law Office PLLC, Scottsdale
By James M. Jellison
*Counsel for Defendant/Appellee*

## OPINION

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Brearcliffe and Judge Gard concurred.

E C K E R S T R O M, Judge:

¶1       In this personal injury action, Joseph Terborg appeals from the trial court's grant of summary judgment in favor of the Town of Payson. The court found Terborg's notice of claim insufficient under A.R.S. § 12-821.01(A). We disagree. For the following reasons, we vacate and remand.

## Factual and Procedural Background

¶2       We view the facts, which are largely undisputed, in the light most favorable to Terborg, the party opposing summary judgment. *Underwood v. Wilczynski*, 252 Ariz. 405, ¶ 2 (App. 2021). In June 2023, a Payson police officer and a police canine pursued a suspect in the vicinity of Terborg's residence. The officer unleashed the canine to assist with the suspect's arrest. The canine attacked and bit Terborg, a bystander, instead of the suspect. As a result of that attack, Terborg claimed several physical and emotional injuries.

¶3       In November 2023, Terborg provided his notice of claim to the Town and the Payson Police Department. In April 2024, Terborg filed his personal injury complaint, alleging various claims of negligence against the individual police officer, the officer's spouse, the Payson Police Department, and the Town.[1] In June 2024, the Town moved to dismiss Terborg's claims for failure to comply with § 12-821.01.

¶4       In August 2024, the trial court held oral argument on the Town's motion to dismiss. Because the motion to dismiss, the response,

---

[1]The complaint also included a request for punitive damages. In June 2024, Terborg and the Town stipulated to dismiss with prejudice the individual police officer and the officer's spouse, the Payson Police Department, and the claim for punitive damages.

and the reply incorporated the notice of claim, the court treated the motion to dismiss as a motion for summary judgment. It then granted summary judgment in favor of the Town, holding Terborg's notice of claim as noncompliant with § 12-821.01. Specifically, the court found that Terborg failed to provide a specific amount that the Town could pay to settle Terborg's claims. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(1) and 12-120.21.

**Discussion**

¶5        Summary judgment is proper when there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). We review a trial court's decision to grant summary judgment de novo. *Underwood*, 252 Ariz. 405, ¶ 6. We also review de novo whether a notice of claim complies with statutory requirements. *Jones v. Cochise County*, 218 Ariz. 372, ¶ 7 (App. 2008).

¶6        Before suing a public entity in Arizona, a claimant must file a notice of claim that strictly complies with the statutory requirements under § 12-821.01. *Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, ¶ 7 (App. 2018); *see also City of Mesa v. Ryan*, 258 Ariz. 297, ¶ 9 (2024) ("[C]laimants must strictly comply with the statute."). The statutory requirements allow the public entity to investigate the claim, consider settlement, and budget as necessary. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, ¶ 6 (2007); *City of Mesa*, 258 Ariz. 297, ¶ 9. To facilitate those purposes, the notice must "contain a specific amount" that the public entity can pay to settle the claim. § 12-821.01(A); *Deer Valley*, 214 Ariz. 293, ¶ 9. If a claimant fails to present a valid settlement offer in the notice of claim to the public entity, the claim is statutorily barred. *Yahweh v. City of Phoenix*, 243 Ariz. 21, ¶¶ 7-8 (App. 2017) (citing *Deer Valley*, 214 Ariz. 293, ¶ 9).

¶7        In contending that Terborg had failed to present a valid offer, the Town focused on the following text in Terborg's notice of claim: "A demand on behalf of Joseph Terborg is hereby made for the sum-certain amount of One Hundred Thousand Dollars ($250,000.00) upon the City of Payson, the Payson Police Department, and/or Gila County." Terborg argues the notice of claim met the specific amount requirement, notwithstanding the inconsistency between the request in words and the request in numbers, because, under settled notions of resolving

discrepancies in contract language, written words prevail over numbers.[2] The Town counters that the notice of claim did not meet the specific amount requirement because that inconsistency created an insoluble ambiguity in the settlement demand, rendering it impossible to determine the amount for which Terborg would settle the claim.

¶8        However, we do not view portions of notice of claim language in isolation. *See Jones*, 218 Ariz. 372, ¶¶ 10-12. Instead, we read the language in Terborg's notice of claim in the context of the notice as a whole and the purposes sought by the notice. *Id.* ¶ 11.

¶9        We can measure compliance with § 12-821.01 with reference to contract law principles. *Yollin v. City of Glendale*, 219 Ariz. 24, ¶ 19 (App. 2008). The Town contends that Terborg's notice of claim was ambiguous because the inconsistency between the written numbers and the numerical figures presented two distinct sums. However, the Town incorrectly conflates an inconsistency with ambiguity.

¶10        An inconsistency is not inherently ambiguous. Words are ambiguous only when there is more than one reasonable interpretation. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 207 (1992). Ambiguity does not exist if the parties' intent is clear in light of the contract's language and all of the circumstances. *Smith v. Melson, Inc.*, 135 Ariz. 119, 121 (1983); *Miller v. Hehlen*, 209 Ariz. 462, ¶ 12 (App. 2005). Even if a specific term is ambiguous, the party's intention must be determined from the whole to interpret the ambiguous term's meaning. *Emp.'s Liab. Assur. Corp. v. Lunt*, 82 Ariz. 320, 326 (1957). Therefore, we consider Terborg's notice of claim as a whole to interpret whether Terborg provided the Town with a specific amount to settle.

¶11        The Town asserts that Terborg's notice of claim "contain[ed] no facts upon which the Town might ascertain which sum was intended," $100,000 or $250,000. The Town refers to cases where Arizona courts held

_____

[2]Terborg also appears to argue that public policy requires Arizona courts to abandon or amend the strict compliance standard for notice of claims. Specifically, Terborg proposes that Arizona courts impose a minimum duty on public entities to clarify notice of claim issues with claimants to effectuate legislative intent. However, our supreme court has held that public entities do not have a duty to assist claimants with statutory compliance. *See Backus v. State*, 220 Ariz. 101, ¶ 28 (2009); *Yahweh*, 243 Ariz. 21, ¶ 12. We are bound to follow that holding.

notices of claim as noncompliant because qualifying language prevented public entities from ascertaining the specific settlement amount. *See, e.g., Deer Valley*, 214 Ariz. 293, ¶¶ 10-11, 16 ("approximately" and "no less than" qualified claimant's settlement offer); *City of Mesa*, 258 Ariz. 297, ¶¶ 2, 16, 20 (claimant's use of "or" in settlement offer expressly triggered two alternative amounts). However, Terborg's notice did not use qualifying language to equivocate the settlement amount. Terborg did not use the qualifier "or" to communicate two alternate settlement amounts. Rather, Terborg employed punctuation connoting a very specific relationship between the offer's textual language and the conflicting numbers that followed—a pair of parentheses.

¶12        While our courts have yet to address whether words prevail over numbers in the context of notices of claim, a basic principle stands: intent governs. *See Alabam Freight Lines v. Stewart*, 70 Ariz. 140, 144 (1950) ("predominant and all-essential" rule for reconciling inconsistent contract clauses is to ascertain party intent). In Arizona, all rules of contract interpretation seek to arrive at the parties' expressed intent. *Phelps Dodge Corp. v. Brown*, 112 Ariz. 179, 181 (1975). Interpretation is the process to ascertain the meaning of words in a contract term or promise. *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152 (1993). Punctuation cannot be used to defeat obvious intent, but punctuation can illuminate meaning. *Joy v. City of St. Louis*, 138 U.S. 1, 32 (1891).

¶13        We can understand how Terborg employed the parentheses as a clarifying mechanism by reading two paragraphs below the settlement offer on the same page of the notice of claim. There, Terborg wrote "sixty (60)" in two separate sentences to detail the Town's deadline to accept the settlement offer. The numbers enclosed in parentheses are used in this subsequent paragraph to be thoroughly clear and to supplement the preceding written words.

¶14        Under settled understandings of legal style, Terborg signaled that the contents of his parentheticals were in service to, and therefore subordinate to, the text. The foremost contemporary manual on legal style observes that parentheses suggest to the reader: "Take me or leave me." Bryan A. Garner, *The Redbook: A Manual on Legal Style* §§ 1.35-36 (4th ed. 2018). Text, by contrast, must be given effect. *See Allstate Prop. & Cas. Ins. Co. v. Watts Water Techs., Inc.*, 244 Ariz. 253, ¶ 12 (App. 2018). Notably, Terborg repeatedly uses parentheticals in precisely this manner throughout the notice. In the first sentence of the notice of claim, Terborg used parentheses to clarify that Terborg is referred to by his first name, full name,

or "Claimant" throughout the document. In the factual summary section, Terborg mentions his Payson-located business, followed by parentheses around the name of the specific business he is referring to. The information that Terborg enclosed in parentheses was helpful, but incidental and, as the Redbook observes, "could be removed without changing the meaning of the sentence." Garner, *supra*, §§ 1.35-36.

¶15      Furthermore, Terborg contends that, under settled notions of contract interpretation, words prevail over numbers when the two conflict. There is some support for that proposition in Arizona statute. Our legislature has expressly instructed that "words prevail over numbers" when the two contradict each other in a negotiable instrument. A.R.S. § 47-3114.

¶16      For the foregoing reasons, we are unpersuaded by the Town's contention that "no evidence of which amount was actually *intended* by Terborg" was available to ascertain the settlement amount. There exists no ambiguity in the settlement offer amount because the sole reasonable interpretation of the numerical inconsistency is that Terborg meant "one hundred thousand dollars." Thus, Terborg met the specific amount requirement.[3]

¶17      This conclusion is reinforced by the other language of the notice. That language demonstrated an intent by Terborg to be bound by his offer. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24 (1981). Whether an offer has been made depends on whether a reasonable person would understand that an offer has been made and that acceptance would bind the offeror. *Ballesteros v. Am. Standard Ins. Co. of Wis.*, 226 Ariz. 345, ¶ 13 (2011). In other words, the claimant must manifest an intent to be bound to the specific amount offered. *See Yahweh*, 243 Ariz. 21, ¶ 10.

¶18      Terborg directly referred to the notice of claim statute in the first line: "This letter constitutes a Notice of Claim pursuant to Arizona Revised Statutes § 12.821.01." And, Terborg indirectly referred to the statute when he set an expiration date for the offer that matched the

---

[3]For the same reasons, Terborg would have been mutually bound to the one hundred thousand dollar offer under the terms of the notice had the Town accepted it.

sixty-day time limit imposed by the same notice of claim statute. *See Jones*, 218 Ariz. 372, ¶ 11. In *Jones*, a claimant provided a notice of claim with language indicating that the claimant's attorney "recommend[ed]" the offered settlement amount. *Id.* ¶ 3. Nonetheless, this court held that the claimant intended to be bound to a specific amount because the claimant conclusively characterized the amounts as settlement offers subject to the statutory sixty-day deadline. *Id.* ¶¶ 8-14 (reasoning claimant intended to be bound because "[t]here would have been no reason to describe the amounts as offers if they were not offers, and certainly no reason to prescribe when they would expire" otherwise). In this case, Terborg similarly stated "this matter will be closed" upon the public entity's acceptance and mentioned his right to litigate the matter upon the public entity's rejection or failure to accept by the sixty-day deadline. *See* § 12-821.01(E).

¶19 The notice does suggest that further negotiation might be possible, stating that Terborg "trust[ed] and expect[ed]" the Town to "take [the] opportunity to negotiate a fair settlement." However, precatory language does not prevent the formation of a valid offer if the plain offer of settlement still manifests an unequivocal intent to be bound. *Id.* ¶ 18; *cf. Yahweh*, 243 Ariz. 21, ¶¶ 3, 10 (no settlement offer where notice of claim directed municipality to contact claimant's lawyer to "obtain an agreeable resolution to this matter"). Thus, Terborg manifested an evident intent to be bound by expressly referencing the statute in his notice of claim and by structuring the time available for accepting his settlement offer around the statute. Therefore, Terborg complied with § 12-821.01 because he provided a valid settlement offer.

## Costs on Appeal

¶20 Terborg requests costs incurred on appeal pursuant to A.R.S. §§ 12-331, 12-332, 12-341, 12-342 and Ariz. R. Civ. App. P. 21. As he is the prevailing party, we grant Terborg's request upon his compliance with Ariz. R. Civ. App. P. 21.

## Disposition

¶21 For the foregoing reasons, we vacate the trial court's grant of summary judgment and remand this matter for proceedings consistent with this opinion.